LENTZ, Respondent, vs. EIMERMANN, imp., Appellant.

*October 20—November 17, 1903.*

*Mechanics' liens: Knowledge and consent of landowner: Evidence: Waiver by acceptance of order for amount due: Claim: Amendment: Notice to owner: Service of copy: Taxation of costs.*

1. Testimony of defendant that she knew, soon after the excavation was begun, that a house was being built by her husband on a lot owned by her, and that shortly thereafter she executed a mortgage thereon and turned the money over to her husband to use in building the house, sufficiently proves her knowledge and consent, so that, under sec. 3314, Stats. 1898, a lien for materials furnished and used in the building might attach to the land.

2. Under sec. 3317, Stats. 1898, the lien of a subcontractor was not waived or discharged by his taking an order for the amount due him, drawn by the principal contractor upon the person building the house, even though the latter accepted the order conditionally and made partial payments thereon, where such order was not expressly received as payment.

3. Under sec. 3320, Stats. 1898, the court may permit the claim for a lien to be amended at the trial so as to show with whom the original contract was made.

4. "Notice in writing" of a subcontractor's claim for a lien may properly be given to the owner, under sec. 3315, Stats. 1898, by service upon him of a *copy* of the notice.

5. The taxing officer cannot refuse to tax costs for findings drawn under the direction of the trial judge, on the ground that they are voluminous.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *A. J. Eimermann,* attorney, and *John H. Paul,* of counsel, and oral argument by *Mr. Eimermann.*

For the respondent there was a brief by *Wheeler & Perry,* and oral argument by *C. B. Perry.*

WINSLOW, J. This is an action brought by a subcontractor to foreclose a mechanic's lien for materials furnished to the principal contractor, and used in the construction of a house on appellant's lot in the city of Milwaukee. The contract with the principal contractor for the erection of the house was made by one A. J. Eimermann, the appellant's husband, in his own name. There was no dispute as to the ownership of the property, the construction of the building, the furnishing of the material by the respondent, nor as to the amount unpaid. Findings and judgment in favor of the respondent were entered, and the appellant alleges a number of errors, which will be briefly considered.

1. The appellant did not make the contract for the erection of the building herself, nor was it shown that she authorized it to be made; hence there could be no lien upon the premises unless she had knowledge of the erection of the building, and consented thereto. Sec. 3314, Stats. 1898. The trial court found that she had such knowledge and gave such con-

sent, and this finding is attacked as error. The evidence of the appellant herself was that she knew a building was being constructed on the lot by her husband soon after the excavation was begun, and that she executed a mortgage thereon for $2,500 shortly thereafter, and turned over the money to her husband to use in building the house. These facts certainly are sufficient to prove knowledge and consent.

2. The principal contractor before the completion of the contract gave the plaintiff an order on A. J. Eimermann to pay the plaintiff $283.90 and charge the same on the building account. This was accepted by Eimermann conditionally upon the performance of the principal contractor's contract, and Eimermann afterwards paid $200 to the plaintiff thereon, but did not pay the remaining $83.90; being the balance due the plaintiff, and for which this action is brought. The court found that the order was not accepted as payment by the plaintiff, and the appellant claims error in this finding. Examination of the evidence shows that this finding is entirely correct. There was no substantial evidence which even tended to show that the order was expressly received as payment, and in such case the lien is not waived. Sec. 3317, Stats. 1898; *Allis v. Meadow S. D. Co.* 67 Wis. 16, 29 N. W. 543, 30 N. W. 300.

3. The claim for lien, as originally filed, did not show with whom the original contract was made; and, when the same was offered in evidence upon the trial, it was objected to as insufficient on this ground. Thereupon the plaintiff moved to amend the same by inserting the proper allegation, which motion was granted, and the appellant assigns this ruling as error. Our statute (sec. 3320, Stats. 1898) provides that a claim for a lien "may be amended in case of action brought by order of the court as pleadings may be." There can be no doubt that the amendment was properly made.

4. An objection is made to the proof of service of the contractor's notice, under sec. 3315, Stats. 1898, because the evi-

dence shows that a copy was served, and not the original. The objection is untenable. The statute simply provides that the claimant shall "give notice in writing to the owner." A written copy is certainly notice in writing.

5. Lastly it is claimed that the costs taxed were excessive, because the findings and judgment contained much unnecessary matter. The findings were certainly very voluminous, but they were presumably drawn under the direction of the trial judge, and we can see no ground on which the taxing officer could refuse to tax for them.

*By the Court.*—Judgment affirmed.