STATE, EX REL. LONGFELLOW, AUDITOR, *v.* WIMER.

[No. 20,790. Filed May 29, 1906.]

1. APPEAL AND ERROR.—*Parties.*—An appeal taken by the "State of Indiana, *ex rel.* Thomas W. Longfellow, as Auditor of Tipton County," is unavailing in a suit wherein "Thomas W. Longfellow, as Auditor of Tipton County," was the real party below. p. 535.

2. JUDGMENT. — *Parties.*—*Schools.*—*Funds.*—*Officers.*—A decree quieting title to school lands as against the county auditor and the board of commissioners is not binding on the State. p. 536.

3. MANDAMUS.—*County Auditors.*—*Execution of Deed.*—*Schools.* —*Funds.*—Mandamus lies to compel a county auditor to execute a school-fund deed to a purchaser of school lands who has paid for same. p. 536.

4. SCHOOLS. — *Funds.*—*Sales.*—*Purchase Price.*—*Balance.*—*Collection of.*—The county auditor may foreclose the lien for the balance due to the school fund on a sale of school lands, and sell same for the payment thereof. p. 536.

5. PLEADING.—*Cross-Complaint.*—*Legal Effect.*—The cross-complainant and cross-defendant are in legal effect the plaintiff and defendant in a separate action. p. 536.

6. SCHOOLS.—*Funds.*—*Sales.*—*Liens for Balance Due.*—*Evidence.* —Where the evidence shows that the cross-defendant, in a suit

to foreclose a lien for unpaid purchase money, had paid for the lands purchased at school-fund sale, a decree in his favor is correct. p. 536.

7. APPEAL AND ERROR.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 537.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Suit by Jonas A. Wimer against Thomas W. Longfellow as Auditor of Tipton County and others. From a decree in favor of plaintiff on his complaint and on the cross-complaint of the State of Indiana, on relation of Thomas W. Longfellow, as Auditor of Tipton County, the cross-complainant appeals. Transferred from the Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Oglebay & Oglebay,* for appellant.

*Beauchamp, Mount & Proctor* and *John P. Kemp,* for appellee.

JORDAN, C. J.—Appellee, as plaintiff below, commenced this suit to quiet title to certain described real estate situated in Tipton county, Indiana. Thomas W. Longfellow, auditor of Tipton county, the board of commissioners and Francis H. Wheatley were made defendants to the suit.

Briefly stated, the first paragraph of the amended complaint alleges that the plaintiff is the owner in fee simple of the real estate described, which had been formerly sold as school lands, and a certificate of such sale issued to the purchaser; that the defendant Francis H. Wheatley had paid in full the purchase price to the treasurer of said county and that the auditor thereof had executed a deed of conveyance to him for the premises; that this deed had been lost, or mislaid, and that the defendants claim an interest in and to said lands.

The second paragraph of the complaint is in the statutory form, and thereunder plaintiff seeks to quiet his title.

By the third paragraph he claims title by reason of adverse possession for more than twenty years.

Part of the relief demanded by the first and second paragraphs is that the auditor of the county be ordered to execute a deed to the plaintiff.

The appellant in this appeal appeared to the action and filed a cross-complaint, making the plaintiff, Wimer, the sole defendant thereto. The cross-complaint alleges that the balance of the purchase money due the school fund in the sum of $500 is unpaid and that plaintiff had notice of this claim at the time he purchased said lands, and that the relator brings into court and tenders to plaintiff a deed to said real estate, duly executed in all things in accordance with the law regulating the making of deeds for school lands, which deed of conveyance had been duly entered and recorded in the records of the Board of Commissioners of the County of Tipton by the county auditor prior to the tender thereof. Wherefore the relator says there is due him as auditor, to the benefit of the school fund of congressional township twenty-one, the sum of $500 as the unpaid balance of the purchase price of said lands and interest thereon, and the demand is that said amount be adjudged the first lien on said real estate, and upon failure to pay the amount so found due within thirty days the land be ordered sold to pay the same, and upon the payment of the purchase price the sheriff of Tipton county shall execute to the purchaser a good and sufficient deed, etc.

The issues were duly joined between the plaintiff on his amended complaint and the defendants Thomas W. Longfellow, auditor of Tipton county, and the board of commissioners of said county. Plaintiff, as the sole defendant to the cross-complaint filed by the State, on relation of the auditor, answered the same (1) by a general denial, and (2) by plea of payment; and upon these pleadings the issues tendered were joined between the parties on the cross-complaint. There was a trial by court and a special

finding of facts. Among others, the following are the facts disclosed by the special findings: The auditor of Tipton county, Indiana, on March 28, 1857, at private sale sold to John Peterson for the price of $210 the lands described in the amended complaint and the cross-complaint of appellant herein. The auditor issued to Peterson a certificate of purchase, which is set out in full in the finding. At the time of the sale Peterson paid the sum of $52.50 as part of the purchase price. The certificate of purchase provided that "if said Peterson shall pay, or cause to be paid, the interest in advance on the unpaid purchase money as it annually accrues, and the principal by the time it becomes due and payable, then said Peterson, or his assigns or legal representatives, shall be entitled to a deed in fee simple for said lands, to be executed by the county auditor according to law; but on failure of said Peterson to pay, or cause to be paid, the interest as it annually accrues, or the residue of the purchase money by the time same becomes due, the contract shall be forfeited and the land may be sold by the county auditor according to law."

Peterson, in 1859, assigned his certificate of purchase to John Puckett. The latter, in 1860, assigned it to Benjamin F. Brown and he, in 1865, assigned it to Francis Wheatley. All of these several assignments were duly acknowledged and recorded in the office of the county recorder. Wheatley and his wife, on April 6, 1896, conveyed the land by warranty deed to Oliver P. and Susan Campbell. On December 16, 1901, the latter parties received a deed of conveyance to the lands, which deed was executed by the auditor of Tipton county. The Campbells thereafter, in 1902, sold and conveyed the lands to one Hinkle, who, in 1903, sold and conveyed the premises to the plaintiff, Wimer. After the Campbells purchased the land, Oliver P., on May 4, 1901, appears to have filed a petition before the Board of Commissioners of the County of Tipton, alleging therein that the purchase price of said lands

had been fully paid by said Francis Wheatley, but that the county auditor had failed to execute a deed for said real estate, and the petition prayed that a deed be executed.

The board of commissioners appears to have granted the petition, and on December 10, 1901, the county auditor executed to said Oliver P. Campbell a deed conveying to him said real estate. This deed was not recorded in the commissioners' records of said county before the delivery thereof, nor has it since been so recorded, but has been recorded in the recorder's office of Tipton county. The records in the auditor's and treasurer's offices of Tipton county contain no entry, or credit, of any payment on either principal or interest since 1880, nor do they disclose the execution of any deed to the land. From and after the year 1880, until the commencement of this suit, there has been no demand for payment of either principal or interest by any one having charge of said auditor's and treasurer's offices, but the same has been at all times treated as fully paid and settled.

The court further finds that Francis Wheatley did, on or about the year 1880, pay the balance of the purchase money due for said lands, with accrued interest thereon at that time, to the proper officer of Tipton county, Indiana, who was authorized by law to receive the same, but if any deed was executed to him for the land at that time the same was never recorded in the office of the county auditor of Tipton county, Indiana. The court further finds that the alleged claims set up in the cross-complaint have been settled and that there is nothing due thereon. The court, on the foregoing findings, stated its conclusions of law favorably to appellee on the complaint, that he is the owner of the lands in question, and is entitled to have his title thereto quieted as against all of the defendants. The court also stated its conclusions upon the issues joined between appellee and appellant upon the cross-complaint favorably to appellee.

The record shows that the defendant, the State of Indiana, *ex rel.* Thomas W. Longfellow, as auditor of Tipton county, Indiana, separately and severally excepted to each of the conclusions, and, so far as the record discloses, these are the only exceptions reserved to the conclusions of law. The record also shows that the State of Indiana, *ex rel.* Thomas W. Longfellow, auditor of Tipton county, moved for a new trial on the complaint upon the grounds assigned in the motion. The appellant also moved for a new trial upon the issues joined on the cross-complaint. Both of these motions were overruled, to which rulings appellant at the time excepted, and thereupon the court entered a decree quieting appellee's title to the lands in question as against Longfellow as auditor of Tipton county and the board of commissioners, and further adjudged that Longfellow, as auditor of Tipton county, should not recover anything on his cross-complaint, and that plaintiff recover of the defendants his costs. The defendant, State of Indiana, *ex rel.* Longfellow, as auditor, prayed an appeal to the Appellate Court, which was granted.

It is clear under the facts, and circumstances in this case that appellant, State of Indiana, *ex rel.* Thomas W. Longfellow, as auditor, etc., is not in a position to challenge any of the rulings or proceedings of the trial court made or had in the action as maintained by appellee under his complaint. In fact, none of the defendants to that complaint have appealed from the judgment below, and consequently are in no manner before the court in this appeal. The State of Indiana, *ex rel.* Thomas W. Longfellow, auditor, etc., as the sole appellant herein, and Thomas W. Longfellow, auditor of Tipton county, are distinctly different parties, and neither of the two, in a legal sense, will answer or suffice for the other. The record discloses that appellant had no connection whatever with the proceedings below, except as the complainant in the

cross-complaint. In no view of the case, under the facts, were the board of commissioners and the county auditor necessary or proper defendants in the action, and a decree quieting title as against them could in no manner bind the State. *Crooks* v. *Kennett* (1887), 111 Ind. 347; *Snodgrass* v. *Morris* (1890), 123 Ind. 425.

If the purchase money for the lands in question had been fully paid, as claimed by appellee, then under §5790 Burns 1901, §4363 R. S. 1881, it became the duty of the county auditor to execute a deed of conveyance to the premises to the person entitled thereto, and upon the failure of that official to discharge this duty the law afforded an adequate remedy to coerce the performance thereof. If the purchase money in fact had not been paid in full, then under the circumstances the State had its remedy to enforce the payment of the balance due and unpaid of the principal and interest. *Johnson* v. *State, ex rel.* (1881), 74 Ind. 588. This remedy appellant seemingly invoked by its cross-complaint.

Appellee is shown to have voluntarily appeared to the cross-complaint filed by appellant, and under his answer issues were joined thereon between him and appellant. By the cross-complaint appellant itself became an actor, or, in other words, it became a plaintiff and the appellee a defendant in like manner as though the cross-action had been commenced by appellant separately and apart from the suit instituted by appellee. *Chandler* v. *Citizens Nat. Bank* (1898), 149 Ind. 601.

As disclosed by the special findings, the court found adversely to appellant on the cardinal or controlling issuable fact, viz.: that the purchase money for the land had been fully paid, and that there was nothing due thereon. This finding necessarily precluded a re-

covery by appellant on its cross-complaint and the conclusion of the court to that effect was right.

There is positive evidence, which is corroborated by circumstances, to sustain the finding that the balance due on the purchase money on the lands in question, together with the interest thereon, was fully paid by Francis Wheatley in the year 1880. Therefore we cannot disturb the finding of the court upon the evidence. Other minor rulings of the court are claimed by counsel for appellant to have been erroneous. These we have considered, but are of opinion that even if they can be said to be erroneous they would not justify a reversal.

Finding no reversible error in the proceedings had upon the cross-complaint, therefore, the judgment of the court thereon, so far as it adjudges that appellant is not entitled to recover, is affirmed.