ROHN vs. COOK and another, Respondents, and GREER and
another, imp., Appellants.

*March 13—April 4, 1917.*

*Landlord and tenant: "Lease:" Permanent improvements to be made
by lessee: Mechanic's lien on interest of lessor: Foreclosure:
Pleading: Notice of lien: Rights of all lien claimants to be
adjudicated: Cross-complaint unnecessary.*

1. A written instrument stating, among other things, that the
owners of certain lands (designated as the "lessors") "have
demised and leased, and by these presents do hereby demise
and lease," said lands to a realty company (designated as the
"lessee") for a term of forty-nine years and six months; that
the lessee, "in consideration of the execution of this lease" by
the lessors, agrees to pay all taxes and assessments on the
premises during said term and to pay to the lessor as rent
the sum of $12,000 annually, payable quarterly in advance,
also to expend not less than $20,000 within thirty months after
the making of the lease in remodeling and improving the
buildings on the demised premises, to pay to the lessors an
additional $10,000 in cash upon the delivery of the lease, to be
held as security for the performance of its conditions, and to
expend that sum, in addition to the $20,000, in making further
permanent improvements before the expiration of the lease;
and that if not so expended within said term the balance of
said $10,000 remaining at the termination of the lease shall
be paid to the lessors "as additional rental,"—is *held* to be a
lease creating the conventional relation of landlord and ten-
ant, within the meaning of the provision in sec. 3314, Stats.,
which, except as therein specified, exempts the interests of
the owner of leased land from a mechanic's lien for labor or
material furnished at the request of the lessee.

2. That part of sec. 3314, Stats., providing that a lien "shall attach
to and be a lien upon the real property of any person upon
whose premises such improvements are made, such owner
having knowledge thereof and consenting thereto," is not ap-
plicable where a lien is expressly forbidden by the terms of
said sec. 3314.

3. In an action to enforce a mechanic's lien an allegation in a
cross-complaint that "a notice that these defendants had per-
formed work, labor, and services and furnished materials and
supplies in the repairs, construction, alteration, and improve-

ments of said building as principal contractors, was served on" the owners of the land "in accordance with sec. 3315 of the" Statutes, is *held*, on demurrer, a sufficient allegation that a notice in compliance with sec. 3315, Stats., was served.

4. The commencement of an action by any lien claimant to foreclose a mechanic's lien within the time limited by sec. 3318, Stats., is sufficient to authorize the court to consider and adjudicate in that action the rights of all lien claimants who are made parties, even though certain of such claimants were not made parties until after the expiration of one year from the date of their last charges for labor or materials furnished.

5. It being unnecessary for such a claimant to file a cross-complaint demanding affirmative relief, it is immaterial that such a cross-complaint fails to show that it was filed and the action commenced in favor of the cross-complainant within one year from the date of the last charge for labor or material furnished.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This action was brought by plaintiff to enforce a mechanic's lien against certain real estate for material furnished, which real estate was owned by the defendant *Harriet M. Cook* and one Sarah A. Holbrook, since deceased, and whose executor, *H. W. Shattuck,* is now one of the defendants.

April 10, 1913, *Harriet M. Cook* and Sarah A. Holbrook, owners of the premises, entered into a contract with the Grand View Realty Company, by the terms of which said company was to have possession of the premises described in the contract for a period of forty-nine years and six months. The action was originally commenced against the owners of the realty, *Harriet M. Cook* and Sarah A. Holbrook, and afterwards the defendants *William H. Greer* and *Ernst P. Butler,* doing business as Wisconsin Mantel & Tile Company, were made parties. Said partners after being made parties defendant served a cross-complaint upon the owners in fee of the property, who demurred to said complaint on the ground (1) that it did not state facts sufficient to constitute a cause

of action, and (2) that the said action was not commenced as to said cross-complainants within the time limited by law, viz. within the time limited by sec. 3318, Stats. The court sustained the demurrer as to the first ground and overruled it as to the second.

The Wisconsin Mantel & Tile Company, cross-complainants, furnished material to the Grand View Realty Company in the performance of the contract of lease made between *Cook* and Holbrook and said Realty Company.

The contention of the cross-complainants is that the instrument which gave to the Grand View Realty Company possession for forty-nine years and six months for a certain consideration named in the agreement was not a lease as contemplated by sec. 3314, Stats., and that under this instrument the conventional relation of landlord and tenant did not exist between the Grand View Realty Company as lessee and the defendant *Cook* and the estate of Holbrook as lessors. It is therefore claimed on behalf of the appellants that the cross-complainants were entitled to a mechanic's lien upon the interest of the lessors, *Cook* and Holbrook, therefore the court erred in sustaining the demurrer to the cross-complaint.

This appeal is from the part of the order sustaining the demurrer of the defendants *Harriet M. Cook* and *H. W. Shattuck* as executor to the cross-complaint of *William H. Greer* and *Ernst P. Butler,* copartners doing business as Wisconsin Mantel & Tile Company.

*H. F. Friedrich* of Milwaukee, for the appellants.

For the respondents there was a brief by *Frame & Blackstone* of Waukesha, attorneys for *Harriet M. Cook,* and *M. H. Brand* of Milwaukee, attorney for *H. W. Shattuck,* executor; and the cause was argued orally by *A. J. Frame, Jr.*

KERWIN, J. Whether the cross-complaint states a cause of action turns upon the construction of the contract between

*Cook* and Holbrook and the Realty Company, by which the Realty Company was put in possession of the property for forty-nine years and six months. If this instrument constitutes a lease by which the conventional relation of landlord and tenant was created between the parties, then no lien would attach in favor of the cross-complainants against the lessors upon the allegations of the cross-complaint under the provisions of sec. 3314, Stats., which provides:

"This section shall not be construed as giving a lien upon the interests of any owner in land where the work or labor is done, or material is furnished or plans or specifications or estimates are prepared, at the request of any person holding such land under any contract of lease, demise or contract for the sale thereof, with such owner unless there shall also be an express agreement between such owner and the person doing such work or labor or furnishing such material, or preparing such plans, specifications or estimates whereby such owner has agreed to pay for or become responsible for the payment of the same, but such lien shall affect the interests only of the person holding the land under such contract of lease, demise or sale."

The cross-complaint sets forth at length the terms of this instrument and we are convinced that it is a lease. It designates the owners of the property, *Cook* and Holbrook, as lessors and the Realty Company as lessee, and provides

"That the parties of the first part, for and in consideration of the covenants and agreements hereinafter mentioned to be kept and performed by the said party of the second part, have demised and leased, and by these presents do hereby demise and lease, unto the said party of the second part, all of lot numbered one (1) in block numbered one hundred seventy-six (176) and all of lot numbered one (1) in block numbered sixty-five (65) except the south ninety (90) feet in width thereof, in the Fourth ward of the city of Milwaukee, county of Milwaukee, state of Wisconsin, subject to a right of way over and across the south ten (10) feet in width of said premises hereby demised and leased; together with all and singular the rights, privileges, easements, and appurtenances

to the said premises belonging or in any wise appertaining or therewith usually held and enjoyed.

"To have and to hold the premises hereby demised unto the said party of the second part from the 10th day of April, 1913, for the term of forty-nine (49) years and six (6) months."

The lease then goes on to provide that the lessee, in consideration of the execution of the lease by the lessors, does covenant and agree to pay all taxes and assessments upon the premises, buildings, and improvements during the term and perform every other agreement or promise therein contained, and will pay to said lessors in gold coin of the United States, or any lawful money of the United States, at the option of said lessors, as rent for said premises during the term or period of the lease, $12,000 annually in advance in four equal quarter-yearly instalments, on the 10th day of each of the months of April, July, October, and January. The lease further provides that the lessee will, not later than thirty months after April 10, 1913, expend or lay out in remodeling and improving the buildings on the demised premises for the enhancement of the value thereof not less than $20,000, $10,000 of which shall be expended within one year after April 10, 1913, which amount shall be in addition to any sums required or which may be expended by said lessee in making current repairs for the maintenance and upkeep of the buildings situate upon said premises, and that the work of remodeling and improving said buildings shall be commenced not later than July 10, 1913. The lease further makes provision as to what the work of remodeling shall consist of; that the lessee covenants and agrees to pay to the lessors the sum of $10,000 in cash upon the delivery of the lease, which sum is to remain in the hands of the lessors as security for the covenants contained in the lease and as security for the payment of any rent and for the payment of any sum or sums of money which shall become payable by

the lessee under the terms of the lease, interest at five per cent. to be allowed on said $10,000 while it remains in the hands of the lessors; this $10,000 to be in addition to the said $20,000 agreed to be expended by the lessee above mentioned, making a total of $30,000 to be expended for remodeling and improving the buildings upon the demised premises during the term of the lease; that if the lessee fails to expend said sum of $10,000 within said term, the balance thereof remaining at the termination of the lease for any cause shall be paid to the lessors as additional rental.

It is clear from the terms of the lease that the $20,000 is a part of the rental of the premises in addition to the $12,000 annual payment mentioned therein, and that by the terms of the lease the lessee is permitted and required to pay said additional rental by way of making permanent improvements upon the premises, and further that the $10,000 is to be held by the lessors as security for the performance of the conditions of the lease by the lessee and also to be expended in improving the premises, and, if not so expended, to be held "as additional rental."

The lease further provides at great length the duties and relations existing between the parties, but we shall not further recite them here.   It is sufficient to say that we are convinced that the instrument between the parties was a lease and comes squarely within the provision of the statute [sec. 3314] above quoted which exempts the interests of the landlord in such leased property from the operation of a mechanic's lien.   There is nothing in the lease which forms any basis for the claim that any money was deposited to secure payment of liens, nor is there any allegation in the cross-complaint of any "express agreement between such owner and the person doing such work or labor or furnishing such material. . . ."

Considerable stress is placed upon sec. 3314, Stats., which provides that a lien shall attach and be a lien upon the real

property of any person upon whose premises improvements are made, "such owner having knowledge thereof and consenting thereto."

True, this statute applies in proper cases, but has no application to a case such as the one set up in the cross-complaint, where a lien is expressly forbidden by the terms of the statute.   The history of the mechanics' lien statutes together with the decisions of this court under the statutes show this.   *Clark v. North,* 131 Wis. 599, 111 N. W. 681; *Lentz v. Eimermann,* 119 Wis. 492, 97 N. W. 181; *Hart v. Hart,* 117 Wis. 639, 657, 94 N. W. 890; *J. B. Alfree Mfg. Co. v. Henry,* 96 Wis. 327, 71 N. W. 370; *Coorsen v. Ziehl,* 103 Wis. 381, 79 N. W. 562; *Bentley v. Adams,* 92 Wis. 386, 66 N. W. 505; *Cook v. Goodyear,* 79 Wis. 606, 48 N. W. 860; *Heath v. Solles,* 73 Wis. 217, 40 N. W. 804; *North v. La Flesh,* 73 Wis. 520, 41 N. W. 633.

We are of opinion that the cross-complaint states no cause of action, hence the court below was right in sustaining the demurrer thereto.

It is also insisted that the cross-complaint is defective in that there is no proper allegation that a notice was served in compliance with sec. 3315, Stats., and we are asked to determine this question in view of further litigation in the case.

True, the allegation is not specific, but on demurrer and under the liberal rules of pleading which obtain under our practice we are inclined to regard it sufficient.   The allegation is "That on January 9, 1915, a notice that these defendants had performed work, labor, and services and furnished materials and supplies in the repairs, construction, alteration, and improvements of said building as principal contractors, was served on defendants *Harriet M. Cook* and Sarah A. Holbrook in accordance with section 3315 of the Revised Statutes of Wisconsin for the year 1913."

We are also asked, in view of the fact that the question will arise in this case on further litigation, whether a party who is

brought in as a defendant and who claims a lien, but has not been made a party until after the expiration of a year from the time of furnishing the material and labor, is barred under the provisions of sec. 3318, Stats.

The contention is that the cross-complaint must show that it was filed and the action commenced in favor of the cross-complainants within one year from the date of the last charge for labor or material furnished, and that the complaint was filed with the clerk of the court within one year from such date. We do not regard the contention tenable. It was not necessary for the defendants doing business as Wisconsin Mantel & Tile Company to set up their cause of action or claim by way of cross-complaint. They were entitled to have it considered, adjudicated, and determined in the action brought by the plaintiff. *Dusick v. Green,* 118 Wis. 240, 95 N. W. 144. Secs. 3321–3326, Stats., regulate proceedings for foreclosure of a mechanic's lien and provide a scheme for equal sharing among lien claimants, and such scheme allows any one or more claimants to bring an action to which all others are to be made parties for the purpose, among other things, of ascertaining the amount of all other liens with which plaintiff must share the proceeds of the property. "The fact that the judgment will award liens to other defendants, and order money paid to them, is only incidental to the granting of full relief to the plaintiff." *Dusick v. Green, supra.*

It is clear that no cross-complaint demanding affirmative relief was necessary, therefore the commencement of the action by plaintiff within the time provided by sec. 3318, Stats., was sufficient to authorize the court to consider and adjudicate the rights of the defendants doing business as Wisconsin Mantel & Tile Company to a lien upon the property in question.

*By the Court.*—The part of the order appealed from is affirmed with costs, and the cause remanded for further proceedings according to law.