SAM AMATO *v.* EARL HALL *et al.*

(No. 7810)

Submitted April 24, 1934.   Decided May 22, 1934.

*Maxwell, Sayre & Bowers,* for appellants.
*Carl C. Sanders,* for appellee Sam Amato.

80

*J. E. Summerfield,* for appellee Charles H. Dodson et al.

MAXWELL, JUDGE:

The pith of this suit is the priority of liens against the real estate of J. C. Carter. From a decree of the circuit court of Raleigh County ascertaining and declaring the liens and their priorities, Beckley Music Store, a corporation, and H. C. Hargrove, creditors, and Earl Hall, purchaser at trustee's sale, appeal.

These are the liens decreed: (1) Charles H. Dodson, mechanic's lien, $338.50; (2) Raleigh County Bank, $537.66; (3) Sam Amato, balance of judgment, $103.10; (4) Beckley Music Store, judgment $772.87. The Hargrove claim was disregarded by the court.

This suit was not instituted until after the property had been sold July 2, 1928, by the trustee under the Raleigh County Bank's trust. Earl Hall was the purchaser for $850.00. He paid to the trustee $343.20 which discharged the bank's debt and the costs of the trustee's sale. The residue of the purchase money was not paid in cash, but the amount thereof, $506.80, with the permission of the trustee, was credited by Hall on the judgment lien debt of Beckley Music Store, Inc., of which corporation Hall was the president and general manager.

A few months after these happenings, Sam Amato instituted this suit and filed his bill praying that there be awarded to him against the trustee who sold the Carter property under the bank's trust a decree for the amount of his judgment aforesaid; that Earl Hall or the Beckley Music Store be required to pay said sum to the trustee for the benefit of plaintiff; "that all accounts and orders which are proper may be taken and made"; and for general relief. The subsequent report of the commissioner in chancery upon order of reference was in the main approved by the court and afforded the basis for the final decree.

The sale made by the trustee to Hall was expressly

subject to the rights of Dodson, if any he had, under the mechanic's lien which he had asserted against the Carter property. On this basis, though the court properly placed the Dodson lien as first in order of priority, the amount thereof was decreed to be paid by Hall. This is in compliance with the terms of his purchase. The fact that no suit was brought by Dodson to enforce his lien within six months after he docketed the same (Code 1923, chapter 75, section 22), is not material. This suit, brought within said period of six months, made Dodson a party defendant. That prevented the statute from running against him. *American Tank Co.* v. *Bank,* 3 Fed. (2d) 122; *Title Guarantee Co.* v. *Wrenn,* (Ore.) 56 Pac. 271; *Spiller* v. *Wells,* 96 Va. 598, 32 S. E. 46; 40 Corpus Juris, p. 388; 18 Ruling Case Law, p. 982. The effect of the adjudication against Hall is, of course, to relieve the surplus fund from the burden of the Dodson debt. Therefore, in reality, the liens in order of priority are, first, Raleigh County Bank; second, Sam Amato; third, Beckley Music Store. These appear to be in proper order. However, one modifiication must be made as the following discussion will demonstrate.

Sam Amato's judgment against Carter was obtained on the 21st of September, 1927, and was docketed in the office of the clerk of the county court of Raleigh County on the 4th of April, 1928. Between the dates of the rendition and the docketing of said judgment, Carter and wife, January 28, 1928, executed a deed of trust on said property to Hargrove to secure $100.00. This trust was recorded in said clerk's office on the same date that it was executed. The recording of this trust preceded the docketing of the Amato judgment by more than two months. Under Code 1923, chapter 139, section 6, a judgment, not docketed, does not constitute a lien on real estate as against a purchaser thereof for valuable consideration without notice. A beneficiary under a deed of trust on real estate is deemed a purchaser within the meaning of the statute. *Souders* v. *Leatherbury,* 97 W. Va. 31, 125 S. E. 236. The standing of Hargrove as a bona fide purchaser without notice is not challenged in

the record.  As between the judgment creditors, Amato and the Beckley Music Store, the fact that Amato delayed the docketing of his judgment until after the Music Company had docketed its judgment is inconsequential. The Amato judgment, recovered prior to the Music Company judgment, has priority over it.  The statute pertaining to the docketing of judgments operates with reference to purchasers and not as to other judgment creditors.  Code 1923, chapter 139, section 6; *Richardson* v. *White*, 99 W. Va. 31, 127 S. E. 636; *Rennix* v. *Hardman*, 72 W. Va. 580, 78 S. E. 749.

Since these dates are somewhat interlocked and are confusing, they are here recapitulated: Amato judgment obtained September 21, 1927, docketed April 4, 1928; Beckley Music Store judgment obtained December 12, 1927, docketed December 14, 1927; Hargrove deed of trust executed and recorded January 28, 1928. Amato has preference over the Music Store and the Music Store has preference over Hargrove, but the latter, because he recorded his trust before Amato docketed his judgment, has preference over Amato.  This problem should be solved by permitting the liens (disregarding the mechanic's lien for reasons above stated) of Raleigh County Bank, Sam Amato and Beckley Music Store to remain unimpaired in the order fixed by the court except that the Hargrove trust debt should be deducted from the Amato judgment, and the amount of such deduction paid to Hargrove.  This will not only preserve the priorities between those two creditors but will uphold the status of the Beckley Music Store as fixed by the chancellor.

Hargrove was not a party to the suit.  He came in by petition just a few days before final decree was entered. No process was issued on his petition and no notice was taken thereof by the court in its decree.  In opposition to Hargrove's claim, it is urged that he has no status in this case.  We find otherwise, because his trust was properly of record at the time of the entry of the order of reference.  His rank as a lien creditor was thus established.  It was in nowise impaired because his lien was

not stated by the commissioner in chancery in his report to the court.

We modify the decree of the circuit court in the particular indicated, and, as modified, affirm the same.

*Modified and affirmed.*