STATE EX REL. CITY OF LOOGOOTEE *v.* LARKIN ET AL.

[No. 27,459.   Filed April 9, 1941.]

*Alvin Padgett* and *Arthur Rogers,* both of Washington, and *Fabius Gwin,* of Shoals, for appellant.

*Joseph P. Smith,* of Loogootee, and *F. A. Seal* and *Alvin Seal,* both of Washington, for appellees.

ROLL, J.—Appellant, as plaintiff below, filed its complaint against appellees, and alleged in substance that the relator, City of Loogootee, is now and was during all the time here in question, a city of the fifth class. That in 1938 it purchased from the Loogootee Water Company, the waterworks system of the City of Loogootee, which system furnishes water as a public utility to the inhabitants of said city; that since said city acquired said waterworks system, the common council of said city has never by ordinance provided for the management of said waterworks plant, by a trustee or a board of trustees, and that no such office of trustee or board of trustees exists or has ever been created by the common council of said city; that the defendants, Frank Larkin, William H. Carroll, and William Wallace are claiming to be members of a board of trustees for said waterworks plant, and are acting as a board of trustees for said plant; that the defendant, Ward Chandler, is now acting as superintendent of said waterworks plant, under a purported employment by the other defendants, assuming to act as a board of trustees for said waterworks plant.

That the defendants are now in possession of said waterworks plant and property owned by the city, con-

sisting of books, records, moneys, deposits, real estate, *et cetera.*

The complaint alleges a demand for the possession of all the property, and a refusal on the part of the defendants to surrender the same.

The complaint closed with a prayer that the court adjudge that no office of trustee, or trustee, exists and that the defendants be mandated to deliver all the assets and property, real and personal, of said waterworks plant in their possession and under their control, to the City of Loogootee.

Appellees filed a demurrer to the complaint, which demurrer was sustained. Appellant refused to plead further, and judgment was rendered against it, and in favor of appellees.

The only error assigned on appeal is the correctness of the court's ruling on appellees' demurrer. One of the grounds of demurrer was, that the complaint did not state facts sufficient to constitute a cause of action.

Appellant insists that this action is an information in *quo warranto,* and brought under the provision of § 3-2001, Burns' 1933, § 1045, Baldwin's 1934, which provides that, "An information may be filed against any person . . . in the following cases:

"(1) When any person shall . . . unlawfully hold or exercise any public office. . . ."

It must be kept in mind that this is not an action to try the title to a public office. It is made clear by the complaint that there is no public office, the title to which is in dispute. The cases cited and relied upon by appellant concede the existence of the public office, and the question in controversy was, who was entitled to that office. But here the complaint filed by appellant alleged that there was no such office as trustee of the water-

works plant, and the demurrer admits the truth of this allegation, so there can be no controversy about something that does not exist.

Appellant makes no contention that the action could be brought properly under any of the other subsections of the above statute.

We therefore conclude that the complaint did not plead facts sufficient to state a good information in *quo warranto*. But, if the complaint states facts sufficient to entitle appellant to any relief whatever, it would be good as against a demurrer for want of facts. *Bennett* v. *Preston* (1861), 17 Ind. 291; *Culbertson* v. *Munson* (1885), 104 Ind. 451, 4 N. E. 57; *United States Saving Fund & Investment Co.* v. *Harris* (1895), 142 Ind. 226, 40 N. E. 1072, 41 N. E. 451.

While the complaint shows facts, if proven, that would entitle the City of Loogootee to some relief, such an action cannot be enforced by the State of Indiana ex rel. The facts show that the appellees are in possession of property belonging to appellant city, and that appellees are wrongfully withholding the same. If such be the case, the law furnishes ample means to the City of Loogootee to repossess its property. But such an action must be prosecuted by the city, and not by the State of Indiana. See *State ex rel.* v. *Liberty Tp., etc.* (1912), 50 Ind. App. 208, 98 N. E. 149, and cases cited on page 210; *State ex rel.* v. *Wimer* (1906), 166 Ind. 530, 77 N. E. 1078; § 2-201, Burns' 1933, § 16, Baldwin's 1934.

A demurrer to a complaint for want of facts to state a cause of action, calls in question, not only the sufficiency of the facts stated in the complaint, but the right of plaintiff to maintain the action. *Pence* v. *Aughe, Guardian* (1885), 101 Ind. 317.

Where the face of a complaint shows a cause of action in a third person, and not in plaintiff, it is bad on demurrer for want of facts. *Sinker* v. *Floyd* (1885), 104 Ind. 291, 4 N. E. 10; *Bond* v. *Armstrong* (1882), 88 Ind. 65.

Since the facts are insufficient to show a right of action in *quo warranto,* and where, though the facts may show a right of action in the City of Loogootee against the appellees, nevertheless the complaint does not show facts sufficient to make out a cause of action on behalf of the appellant, against the appellees, and therefore we find no error in sustaining appellees' demurrer to the complaint.

Judgment affirmed.

NOTE.—Reported in 33 N. E. (2d) 112.