GRIMM ET AL. *v.* RHOADES ET AL.

[No. 18,920. Filed May 7, 1958. Rehearing denied June 13, 1958.
Transfer denied October 14, 1958.]

*William E. Statham, D. Bailey Merrill, W. Jack Schroeder,* and *McCray, Merrill, Clark & Craig,* all of Evansville, for appellants.

*Milford M. Miller* and *William C. Welborn,* both of Evansville, for appellees Rhoades and Rhoades.

*Paul H. Schmidt,* of Evansville, for appellee Nat H. Youngblood, Receiver.

PFAFF, J.—The appellee Nat H. Youngblood, Receiver, brought suit to foreclose a mechanic's lien on certain real estate in Vanderburgh County belonging to appellees Harold Rhoades and Addie Rhoades, husband and wife. The appellants, Earl J. Grimm and

Esther G. Tomey Cotton, partners doing business under the firm name of A. C. Grimm Planing Mill, were made parties defendant because they were allegedly claiming some interest in the Rhoades property. They answered by way of a cross-complaint in which they claim to be the holders of a mechanic's lien on the Rhoades property and asked that it be foreclosed with personal judgment over against Harold and Addie Rhoades. The Youngblood complaint and the Grimm cross-complaint disclose the following facts which are pertinent to the question involved in this appeal: On November 2, 1951, Nat H. Youngblood was receiver for Fred Puder Co., Inc., and since January 2 of that year had held a mechanic's lien on the Rhoades property. The appellants also had filed their notice of intention to hold a mechanic's lien on the Rhoades property on January 2, 1951. On said November 2, 1951, Nat H. Youngblood, Receiver, filed a complaint to foreclose the Puder lien and made the appellants parties defendant to answer to their interests. On November 15, 1951, the appellants appeared to the Youngblood suit but filed no pleadings therein until February 21, 1952, when they filed the cross-complaint above mentioned. It is interesting to note that when the appellants were summoned into court to answer to their interests, their lien was only ten months old but before they filed their cross-complaint to foreclose the same more than a year had elapsed since they had recorded notice thereof as required by law.

The pertinent statutes concerning mechanic's lien are as follows:

"2-618. *Mechanic's lien, one year.*—No action shall be brought or maintained in the courts of this state to foreclose or enforce the lien of any mechanic's lien filed under the laws of this state when the debt secured by such lien, as shown by the rec-

ord thereof, has been due more than one (1) year. If the record of such lien does not show when the debt thereby secured became due, then no action to foreclose or enforce the lien of such mechanic's lien shall be brought or maintained in the courts of this state after one (1) year from the date of the filing of notice of such lien."

. . . . . . . . . .

"2-619. *Expiration of mechanic's liens.*—The lien of all mechanic's liens filed under the laws of this state shall cease and expire one (1) year from the time the debt secured thereby becomes due, as shown by the record of the notice of the lien. If the record of any notice of mechanic's lien does not show when the debt thereby secured becomes due, then the lien of any such mechanic's lien filed under the laws of this state shall ceased and expire one (1) year after the date of the filing of notice of such lien."

"2-622. *Action before expiration.*—In case an action shall be begun in the courts of this state to foreclose or enforce the lien of any mortgage or other lien mentioned in this act [§§2-618—2-622] before the expiration of the lien thereof, as herein provided, such lien may be enforced in such action as it existed at the time the action was commenced."

. . . . . . . . . .

"43-705. *How enforced.*—Any person having such lien may enforce the same by filing his complaint in the circuit or superior court of the county where the real estate or property on which the lien is so taken is situate, at any time within one (1) year from the time when said notice has been received for record by the recorder of the county; or, if a credit be given, from the expiration of the credit, and if said lien shall not be enforced within the time prescribed by this section, the same shall be null and void. If said lien be foreclosed as herein provided, the court rendering judgment shall order the sale to be made, and the officers making the sale shall sell the property,

without relief whatever from valuation or appraisement laws."

. . . . . . . .

"43-706. *Parties—Consolidation of actions.*—In such actions, all persons whose liens are recorded as herein provided may be made parties, and issues may be made up and trials had as in other cases; and the court may, by judgment, direct a sale of the land and building for the satisfaction of the liens and costs, such sales [sale] to be without prejudice to the rights of any prior encumbrances, owner or other persons not parties to the action. If several such actions be brought by different claimants, and be pending at the same time, the court may order them to be consolidated."

Such being the statutory law of the State pertaining to mechanic's liens, the appellees demurred to the appellants' cross-complaint on the theory that it appears on its face that it was not filed within one year from the time when notice of intention to hold such lien was recorded as required by law and that the lien it seeks to foreclose had already expired by operation of law. The demurrer was sustained and the propriety of such ruling is the sole question presented by this appeal.

The appellants concede that if they had instituted an individual suit to foreclose their lien on February 21, 1952, the date they filed their cross-complaint, such suit would have been barred by the limitation set up in the mechanic's lien Acts above quoted. But, they say, by the terms of §43-706, *supra*, a lien holder who has filed an action to foreclose his own lien, in which he names other lien holders, whose liens are still alive, as parties to answer to their interests, has commenced an action not solely for the purpose of enforcing his own lien but also for the purpose of foreclosing the lien of all parties to the proceedings whether plaintiffs or defendants. Thus they say that the Youngblood suit

was in effect a suit to foreclose their lien as well as his own and, having been brought before their lien expired, it saved their lien from expiration by operation of law. This is what is commonly known as the "omnibus theory" of mechanic's lien procedure and as far as we have been able to disclose it has never been specifically announced in Indiana.

The rule pertains in Wisconsin because, as the Supreme Court said: "All lien claimants being by the statute *necessary parties* thereto either as plaintiffs or defendants are brought within the statute and their rights saved. The language of the statute clearly contemplates that there shall not be a multiplicity of actions. It is clear intent and the purpose of the statute that one action should be begun; that all parties having liens upon the property become either parties plaintiff or defendant thereto; that the rights of all parties should be adjudicated." (Our emphasis.) *Erickson* v. *Patterson* (1927), 191 Wis. 628, 211 N. W. 775. See also *Rohn* v. *Cook* (1917), 165 Wis. 299, 162 N. W. 183. The rule also pertains in Oregon and West Virginia for the same reason. *Title Guarantee Co.* v. *Wrenn* (1899), 35 Ore. 62, 56 P. 271; *Amato* v. *Hall* (1934), 115 W. Va. 79, 174 S. E. 686.

The Indiana statute, however, does not require all lien holders to be made parties. Each lien holder is independent of the others and each is held responsible for enforcing his own lien. Our statute permits each separate lien holder to institute separate foreclosure suits and it is only discretionary with the court as whether such separate suits involving the same property should be consolidated.

The Supreme Court of this state in *Eve* v. *Louis et al.* (1883), 91 Ind. 457 said:

"Where there exists in favor of a defendant in a suit a cause of action not barred by the statute of limitations at the commencement of such suit, and, as here, of such a nature that it may be fully litigated in such suit, and ought to be set up therein and made a part thereof, he should not be obliged, while such suit is still pending, to sue upon his cause of cross action except in that suit; and if, in due course of the proceedings therein, he set up his cause of action which would have been good at the commencement of the suit, and still remains otherwise good, it ought not to be defeated by the fact that at the time of filing his pleading the period of limitation for instituting an independent action thereon has run out."

Were *Eve* v. *Louis et al., supra,* a mechanic's lien case, it would seem to be decisive of our present problem. However, the mechanic's lien law of this state creates new rights of purely statutory origin. The statutes providing for the lien and its enforcement are in derogation of the common law and must be strictly construed and anyone who seeks their benefit must bring himself within their provisions. *Puritan Engineering Corp.* v. *Robinson, Tr.* (1934), 207 Ind. 58, 191 N. E. 141; *Watson* v. *Strohl* (1943), 220 Ind. 672, 46 N. E. 2d 604; *Shipman, Exr.* v. *Shipman, Gdn.* (1934), 99 Ind. App. 445, 192 N. E. 849.

Since *Eve* v. *Louis et al., supra,* the Supreme Court has said: "Filing a cross-complaint was substantially the commencement of a new action by Vorhis against his co-defendants and the cross-complaint was for that purpose a new pleading to enforce a separate and distinct right." *Anderson* v. *Wilson* (1885), 100 Ind. 402. Therefore, such a cross-complaint must be treated "as though the cross action had been commenced by the appellant separately and apart from the suit instituted by the appellee." *State ex rel.* v. *Wimer* (1906), 166 Ind. 530, 77 N. E. 1078.

Having in mind that we are dealing with a special statute which is in derogation of the common law and must be strictly construed, *State ex rel. Wever v. Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268, and that we must treat the appellants' cross-complaint as a separate and distinct pleading, unaided by other pleadings in the case, it appears on its face that it was not filed within one year from the time when notice of the lien it seeks to foreclose was recorded and that when it was filed said lien was null and void. §43-705, Burns' 1952 Replacement. The demurrer to the cross-complaint was properly sustained.

Judgment affirmed. Kelley, C. J., Royse, P. J., and Bowen, Cooper and Crumpacker, JJ., concur.

NOTE.—Reported in 149 N. E. 2d 847.