OLGA SAUTER *v.* ALLEN BORDERS, ET. AL.

[No. 368A30. Filed November 27, 1968. Rehearing denied January 22, 1969. No. Petition for Transfer filed.]

*Roland Obenchain, Jr.,* of South Bend, for appellant.

*Lloyd C. Wampler,* of Plymouth, and *Crumpacker, May, Levy & Searer,* of South Bend, for appellees.

CARSON, C. J.—This is an action brought by a life insurance saleslady against six (6) life insurance salesmen for injunctive relief and money damages in which the plaintiff claims illegal and dishonest interference with her life insurance business.

The record below shows that one, William G. Gring, Jr., was a party defendant who also demurred to the complaint. His demurrer was sustained, but since he is not a party to this appeal, this ruling of the trial court is not before us for consideration.

The question presented to this court is one of law. The appellant has included in her brief; the complaint in full, the demurrer filed by the defendant-appellee, Jerry Wallace, individually, together with the supporting memorandum and the demurrer filed jointly by the appellees; Borders, Burns, Gayman and Post, together with the supporting memorandum.

Both the appellant and the appellees have cited numerous authorities in argument in support of their respective positions on the question of law involved, namely: Does the second amended complaint state facts sufficient to constitute a cause of action?

In the recent case of *Midwest Oil Company, Inc. v. Storey* (1961), 134 Ind. App. 137, 178 N. E. 2d 468, at page 145, where this court said:

"It is a well-established rule of law that if a complaint entitled complainant to any relief, it is good against a demurrer. *State ex rel. City of Loogootee v. Larkin* (1941), 218 Ind. 382, 33 N. E. 2d 112; *City of Indianapolis v. American, etc., Co.* (1911), 176 Ind. 510, 96 N. E. 608; *Burk v. Brown* (1915), 58 Ind. App. 410, 108 N. E. 252."

Applying the above rule, the burden is cast upon this court to examine the plaintiff-appellant's complaint to determine whether or not, as a matter of law, the complaint states a cause of action entitling the plaintiff to any relief.

From an examination of the complaint, we conclude that it meets the required test for an action in tort of, "inducing the breach of contract", as that test is set out in the case of *Tenta v. Guraly* (1966), 140 Ind. App. 160, 221 N. E. 2d 577 (Transfer denied).

We, therefore, conclude that the trial court committed error in sustaining the demurrer and entering judgment. The judgment of the trial court is therefore reversed and the trial court is instructed to overrule the demurrer and order the defendants to answer.

Judgment reversed.

Cooper, Faulconer and Prime, JJ., concur.

Note.—Reported in 242 N. E. 2d 24.