**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 13 2013, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ROBERT L. LEWIS**
Robert L. Lewis & Associates
Gary, Indiana

ATTORNEYS FOR APPELLEE:

**FRANK D. OTTE**
**JENNIFER F. PERRY**
Clark, Quinn, Moses, Scott & Grahn, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAT FLEMING and BOB STEFFAN<br>d/b/a DR. BOB'S RV SERVICE | ) | |
| | ) | |
| Appellants-Petitioners, | ) | |
| | ) | |
| vs. | ) | No.  45A03-1206-PL-249 |
| | ) | |
| SANTANDER CONSUMER USA, INC.<br>and GEMB LENDING, INC. | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Gerald N. Svetanoff, Judge
Cause No. 45D04-1110-PL-95

**March 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

When Pat Fleming (Owner) purchased a recreational vehicle (RV) from Danny Taylor, he agreed to take over the terms of Taylor's loan with GEMB Lending, Inc. (Lender). However, neither Taylor nor Owner notified Lender of the change in possession. When Taylor went bankrupt, Lender sought to recover possession of the RV via a writ of replevin in Jasper County.

Meanwhile, Owner had nearly $70,000 of repairs performed by Bob Steffan d/b/a Dr. Bob's RV Service (Dr. Bob's). When Owner and Dr. Bob's (collectively, the Lienholders) learned that Lender was attempting to recover possession of the RV, they filed mechanic's liens in Lake County and then moved to stay or set aside the writ of replevin in Jasper County on the basis of the liens. The Jasper Superior Court refused to stay or set aside the writ, and Lender eventually gained possession of the RV.

The Lienholders then filed a complaint in the Lake Superior Court to foreclose upon the mechanic's liens, and Lender moved to dismiss the complaint pursuant to Indiana Trial Rule 12(b)(8),[1] claiming that the Jasper Superior Court had already determined the issue of lien priority. The trial court agreed and dismissed the complaint.

Concluding that the subject matter and remedies at issue before the Jasper Superior Court and the Lake Superior Court were not substantially the same, we reverse the judgment of the trial court and remand for additional proceedings.

---

[1] Through Trial Rule 12(b)(8), a party can file a motion asserting the affirmative defense that "[t]he same action [is] pending in another state court in this state." This Rule will be discussed further below.

2

FACTS

After Taylor financed the purchase of the RV, the original lienholder assigned its interest to Lender. On or about August 25, 2007, Taylor entered into a contract to sell the RV to Owner. Pursuant to the contract, Owner made a down payment of $13,000 and assumed the responsibility for making the original loan payments on the RV directly to Taylor. Owner was never substituted as a party in Taylor's financing agreement with Lender. After Owner took possession of the RV, he took it to Dr. Bob's for repairs. Dr. Bob's made repairs to the RV totaling approximately $69,000. Dr. Bob's also stored the RV for Owner while he was out of the country on business.

At some point, Taylor petitioned for bankruptcy, indicating that he wished to surrender the RV to Lender. Taylor received a discharge in bankruptcy in 2009.

On September 27, 2010, Lender filed a complaint for replevin against Taylor, Owner, and Dr. Bob's in the Jasper Superior Court seeking possession of the RV. Lender claimed that its recovery agent had "tracked down" the RV to Dr. Bob's. Appellants' App. p. 14. Dr. Bob's admitted possession of the RV but refused to provide Lender with information of its whereabouts. Dr. Bob's told Lender that there was an outstanding bill in the amount of $40,000. On October 5, 2010, the Jasper Superior Court ordered that Lender should have immediate possession of the RV.

On October 21, 2010, the Lienholders filed mechanic's liens against Taylor and Lender in Lake County. On November 8, 2010, Owner filed a "Verified Motion to Set Aside or Stay Immediate Possession Order" in the Jasper Superior Court, stating that

given the mechanic's liens, the order for immediate possession "effectively deprives the Defendants of their statutory rights to protect their financial interest in the property." Appellants' App. p. 19-20. On December 3, 2010, Owner's motion was denied.

On January 6, 2011, Lender filed an "Emergency Motion for Replevin" in the Jasper Superior Court, claiming that the Lienholders were uncooperative in its attempts to retrieve the RV and that the RV was in "immediate danger of concealment, removal from Indiana, or sale to an innocent purchaser by Defendants." Id. at 32. An emergency hearing was held on January 11, 2011, and Lender's motion was granted.

By October 2011, Lender still had not recovered possession of the RV. On October 6, 2011, Lender moved for an amended replevin order directing any Indiana Sheriff to obtain the RV and to deliver it to Lender.

On October 18, 2011, the Lienholders jointly filed a complaint to foreclose their mechanic's liens in the Lake Superior Court. Service was made on Santander Consumer USA, Inc. (Santander) on November 8, 2011,[2] but the attempted service on Lender was unsuccessful. On November 21, 2011, Santander and Lender filed a motion for enlargement of time to answer the complaint. This motion was granted, allowing both Santander and Lender until December 21, 2011, to respond to the complaint.

On October 26, 2011, the Lienholders filed a second motion to stay enforcement of the replevin order in the Jasper Superior Court. On November 22, 2011, the motion was denied, and Lender's motion for an amended replevin order was granted.

---

[2] Neither party explains how Santander is related to the case.

4

On December 15, 2011, Santander and Lender jointly filed a motion to dismiss the Lake County complaint to foreclose upon the mechanic's liens under Trial Rule 12(b)(8), claiming in part that the issues previously heard by the Jasper Superior Court regarding the two motions to stay were substantially the same issue, as both related to lienholder priority. On March 14, 2012, the Lake Superior Court held a hearing on the motion to dismiss. After hearing arguments from both sides, the trial court granted the motion to dismiss pursuant to Trial Rule 12(b)(8).

On April 13, 2012, Lender and Santander filed a motion to correct errors. On May 4, 2012, the motion to correct errors was denied. The Lienholders now appeal.

## DISCUSSION AND DECISION

The Lienholders contend that the trial court erred by dismissing the complaint to foreclose upon their mechanic's liens. More particularly, they argue that: (1) the motion to dismiss was not timely filed; and (2) even if the motion was timely filed, the Trial Rule 12(b)(8) dismissal was nevertheless unwarranted because the Lake County complaint involved sufficiently distinct issues from the Jasper County litigation. We find the second issue dispositive and accordingly need not address whether the motion to dismiss was timely filed.[3]

---

[3] Lender and Santander assert that the Lienholders waived the timeliness issue by failing to raise it at the trial level and that, because they had received an extension of time to respond to the complaint, this issue is frivolous for the Lienholders to raise on appeal. Accordingly, Lender and Santander request attorney fees pursuant to Indiana Appellate Rule 66(E) for the time spent addressing this issue. This request is hereby denied.

Trial Rule 12(b)(8) allows for the dismissal of a cause of action when "[t]he same action [is] pending in another state court . . . ." Because this determination is a matter of law, we review it de novo. Beatty v. Liberty Mut. Ins. Grp., 893 N.E.2d 1079, 1084 (Ind. Ct. App. 2008).

"When an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case. Courts observe this deference in the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency." State ex rel. Meade v. Marshall Superior Court II, 644 N.E.2d 87, 88-89 (Ind. 1994). Based on this principle, Trial Rule 12(b)(8) allows for dismissal of an action where another court has already assumed jurisdiction over substantially the same parties, subject matter, and remedies at issue in the instant case. Id. In other words, "'two courts may not simultaneously exercise jurisdiction over what amounts to the same case.'" Kozlowski v. Dordieski, 849 N.E.2d 535, 537 (Ind. 2006) (quoting Centex Home Equity Corp. v. Robinson, 776 N.E.2d 935, 945 (Ind. Ct. App. 2002)).

In the instant case in the Lake Superior Court, the parties are unquestionably the same as they were in the Jasper Superior Court except that Santander is a party in Lake County where it was not in Jasper County. And it is true that in the Jasper County case, the Lienholders repeatedly raised the existence of their mechanic's liens in an attempt to have the writ of replevin stayed or set aside. Appellants' App. p. 19-20, 41-42. However, we disagree with Santander and Lender that "the Jasper Superior Court's

6

possession orders and denials of [the] Motions to Stay necessarily resolved the issue of the priority of the parties' liens." Appellees' Br. p. 8.

To obtain a writ of replevin, Lender was required in part to show to the Jasper Superior Court:  (1) that it was the owner of the RV or otherwise lawfully entitled to its possession; (2) that the property had not been taken to pay state debts or under an execution or attachment against Lender's property; and (3) that the property had been wrongfully taken or unlawfully detained by the Lienholders.  Ind. Code § 32-35-2-4.

On the other hand, to obtain the mechanic's liens, the Lienholders were each required to file the notices of their liens "in the recorder's office of the county where:  (1) the towing, repair, service, or maintenance work was performed; or (2) the storage, supplies, or accessories were furnished" within sixty days of the services being performed.  Ind. Code § 32-33-10-6(a), (d).  To foreclose upon the liens, the Lienholders were required to file a complaint within one year of the initial lien filing "in the circuit or superior court of the county where the motor vehicle . . . is located."  I.C. § 32-33-10-8.

Only in the broadest sense is the subject matter of these two actions the same— two sides attempting to protect their financial interests in one RV.  Moreover, the remedies sought by the two actions are not substantially the same.  Rather, taking the statutes together, it is apparent that the purpose of Lender's replevin action was to regain possession of the RV, which had been surrendered to it in Taylor's bankruptcy proceedings.  Conversely, the purpose of the mechanic's lien foreclosure action is to ensure that the Lienholders are reimbursed for the reasonable amount of their services

7

upon the RV. Although the Lienholders attempted to assert their liens in the Jasper County proceedings to stay or set aside the writ of replevin, they had not yet foreclosed upon their liens at that point. As a result, the Jasper Superior Court did not necessarily rule upon the priority of the mechanic's liens as they had no relationship to Lender's right to immediate possession of the RV.

Moreover, we cannot say that the Lienholders should have attempted to foreclose upon their liens in a counterclaim against Lender in the Jasper Superior Court. Indiana Code section 32-33-10-8 requires such foreclosure actions to be filed in the county where the property is located. Thus, because Dr. Bob's was allegedly storing the RV in Lake County throughout the Jasper County proceedings, the foreclosure could only be filed in Lake County per statute. Appellants' App. p. 42; see Grimm v. Rhoades, 129 Ind. App. 1, 7, 149 N.E.2d 847, 850 (1958) (stating that the statute governing mechanic's liens must be strictly construed because it was enacted in derogation of the common law).

Based on these considerations, we cannot conclude that the causes of action in the Jasper Superior Court and the Lake Superior Court are substantially the same such that a Trial Rule 12(b)(8) dismissal was warranted. Accordingly, we reverse the judgment of the trial court. That said, however, to the extent that the Jasper Superior Court did in fact address and decide any issues of lien priority, those decisions would be res judicata in the present case. Wedel v. Am. Elec. Power Serv. Corp., 681 N.E.2d 1122, 1131 (Ind. Ct. App. 1997).

8

The judgment of the trial court is reversed, and the cause is remanded for additional proceedings consistent with this opinion.

RILEY, J., and BARNES, J., concur.