# WHEELING.

### GRANTHAM v. LUCAS, TRUSTEE.

Submitted January 31, 1884—Decided April 26, 1884.

1. An appellant cannot on his motion have a decree reversed which is not to his prejudice.   (p. 232.)

2. As between the judgment-creditor and debtor the statute with regard to docketing judgments has no application or force.   The judgment-liens in their priorities should be fixed according to the dates of the judgments.   (p. 232.)

3. In a suit to subject real estate to the payment of the liens thereon it is not necessary to ascertain the *value* of the real estate before its sale is ordered.   (p. 232.)

4. On a motion to re-commit the report of a commissioner in chancery, if the previous neglect or contumacy of the party render it proper to overrule his motion, so far as it goes to open the account anew, he may nevertheless be permitted to show himself entitled to credits not considered by the commissioner, if it appears probable from the evidence in support of his motion, that he is entitled to such credits.   (p. 233.)

Hon. J. B. Hoge rendered the decree complained of.

The facts of the case are stated in the opinion of the Court.

*W. H. Travers* and *McDonald & Beckwith* for appellants.

*D. B. Lucas* for appellee.

JOHNSON, PRESIDENT:

This is a suit in chancery in the circuit court of Jefferson county to subject the real estate of William J. Grantham to the payment of his debts.   November 16, 1875, a decree was rendered in said cause, as follows:  "And the court being further of opinion, that a partition of the Kime tract the sub-

ject of exception five should be made among the parties entitled to the same, and that the share of William J. Grantham, *one thirteenth*, in the Kime tract should be laid off before a sale of his interest can be decreed."

On the 10th day of April, 1880, the cause came on to be heard upon the report of commissioner Moore and exceptions thereto, and the exceptions to the report were overruled, the report confirmed *in omnibus*, and a sale of all the lands of the said Grantham, "except the Kime tract" was ordered, and the petition of William J. Grantham was denied. From this decree Shirley's administrator, one of the creditors, and said Grantham, the debtor, appealed.

The material exceptions to the commissioner's report were: First, the failure to report whether the interest of Grantham in the "Kime tract" had been laid off; second, the failure to audit the debts in the order of their priority; third, the failure to ascertain the value of the real estate.   The failure to lay off the interest of said Grantham in the Kime tract of land does not appear in this record to be to the prejudice of either of the appellants, certainly not to the debtor, Grantham, because there was no decree to sell his interest in that tract; not to prejudice of Shirley's administrator, for it does not appear that such sale would be necessary to pay his debts.   It very clearly appears from the commissioner's report, that the commissioner audited the claims on a wrong basis.   In fixing their priorities, he took the dates of docketing the judgments instead of the dates of the judgments.   This is error, as between the creditors.   (*Anderson* v. *Nagle*, 12 W. Va. 98; *Renick* v. *Luddington*, 14 W. Va. 367.)   This error was not to the prejudice of Grantham, the debtor.   (*Hill* v. *Morehead*, 20 W. Va. 429.)   But it was clearly to the prejudice of Shirley's administrator whose debt was thereby put in a lower class than it ought to have been put.   (*Hill* v. *Morehead*, *supra*.)   For this reason the decree must be reversed and the cause recommitted to the commissioner to restate the account.   The exception that the value of the real estate was not ascertained is of no force.   This was not necessary.   No authority can be found requiring it; and it would cause needless expense and delay if required to be done.

It is assigned as error, that the petition of Grantham was

denied.    It is a plea for delay in a suit, which has been long pending.    He ought to have been prepared with his vouchers, and laid them promptly before the commissioner.    He says, that by reason of sickness he was unable to lay his papers before the commissioner and prove payments.    The petition is not sworn to as it should have been in order to authorize any delay on account of said alleged sickness.

He alleges in his petition that he has paid over a thousand dollars on the debts reported against him.    No evidence of this statement appears except as to a five hundred and fifty dollar bond executed to John Shirley, which is reported in class three, and which he alleges he paid, and as evidence therefore files the bond with his petition.

In *Snickers* v. *Dorsey;* 2 Munf. 508, it was held, "that on a motion to recommit the report of a commissioner in chancery, if the previous neglect ·or contumacy of the party render it proper to overrule his motion, so far as it goes to open the account anew, he may nevertheless be permitted to show himself entitled to credits not considered by the commissioner, if it appear probable from the evidence in support of the motion that he is entitled to such credits providing no continuance is caused thereby.    His petition should be regarded as a motion to recommit the report.    It clearly was the duty of the court to require at least, that it should be enquired into, whether he was entitled to the credit of five hundred and fifty dollars, and interest.    He certainly was, if he fairly obtained the bond, which was the evidence of the. debt. The court erred to this extent in denying the prayer of his petition.

The decree of the 10th of April, 1880, must be reversed with costs; and the cause is remanded to the circuit court of Jefferson county for further proceedings.

REVERSED.    REMANDED.