# CHARLESTON.

WILSON *et al. v.* CARRICO *et al.*

Submitted February 1, 1899—Decided April 15, 1899.

ATTACHMENT—*Reference—Consolidation of Causes—Error.*

> An attachment creditor has his suit referred to a commissioner, to ascertain the real estate of the attachment debtor, and the liens against the same, without first making the known lien creditors and the trustee holding the legal title parties thereto. On the coming in of the commissioner's report the court consolidates such attachment suit with another suit, therein pending for the purpose of subjecting the debtor's real estate to the payment of the liens thereon, in which there had been no reference, and then, over the objection of the parties plaintiff and defendant to the latter suit, proceeds to render a final decree on such commissioner's report as to both causes. This is manifest error. (p. 467).

Appeal from Circuit Court, Tucker County.

Suit by O. S. Wilson & Bro. against J. S. Carrico and others. Decree for defendants, and plaintiffs appeal.

*Reversed.*

C. O. STRIEBY and J. P. SCOTT, for appellants.

CUNNINGHAM & STALLINGS and W. H. KELLEY, for appellees.

DENT, PRESIDENT:

For March rules, 1897, of the circuit court of Tucker, O. S. Wilson & Bro. brought a general lien creditors' suit against J. S. Carrico and others to ascertain the real estate of defendant Carrico, and subject it to the payment of the liens thereon. At April rules the bill was filed. At June term, 1897, said cause was ready on the docket for hearing. About the same time Grant Cosner began attachment proceedings in equity against said J. S. Carrico, sued out an attachment, and on the 18th of March, 1897, had it levied on "ninety-nine and one-half acres of land situated in Dry Fork district, and recorded in the clerk's office of Tucker County as belonging to the said J. S. Carrico."

At May rules he filed his bill, to which he made no person a party defendant but J. S. Carrico, in which, after setting forth his own attachment, he prayed that his suit be referred "to ascertain the liens upon the real estate of J. S. Carrico so attached"; yet he does not allege in his bill that there are any other liens, or make such lienors parties thereto. Notwithstanding and without regard to the then pending suit of O. S. Wilson & Bro., the court refers the last-mentioned suit to a commissioner for the purpose of ascertaining the liens thereon and the real estate of defendant Carrico. At the November term the commissioner returned his report, when certain parties to the O. S. Wilson & Bro. suit, made informal parties to the Cosner suit by publication of notice to lienors, filed exception thereto for the reason that proper parties were not made to said suit before a reference was had herein, and also because of the pendency of the Wilson & Bro. suit. A number of other exceptions were taken, which it is not necessary to notice here. The court then, to avoid all difficulty as to parties, consolidated the suits, overruled the exceptions to the commissioner's report, confirmed the same, and decreed accordingly. This is the decree appealed from.

This decree is so palpably erroneous it is hard to conceive how the circuit court could be led into such an error. Objection was made because the proper parties were not made to the Cosner bill before the order of reference was entered. The court, to cure this, consolidated it with a suit in which the parties were before the court, but did not recommit the causes when consolidated. The parties to the Wilson & Bro. suit were in no wise bound by the reference in the Cosner suit, and especially the trustee in whom was the legal title to at least part of the land. The Cosner suit after the consolidation, stood as though it had been amended by bringing in as new parties thereto the parties in the Wilson & Bro. suit, and these new parties were entitled to have the suits recommitted without regard to the report of the commissioner already in. *Holt* v. *Holt*, (decided at this term); *Bank* v. *Watson*, 39 W. Va. 342, (19 S. E.. 341;) *McMillan* v. *Hickman*, 35 W. Va. 705, (14 S. E. 282;) *Tavenner* v. *Barrett*, 21 W. Va. 656; *Woodyard* v. *Polsley*, 14 W. Va. 211; *Bilmyer* v. *Sherman*, 23 W. Va. 656; *Renick*

v. *Ludington*, 20 W. Va. 511; *Norris* v. *Bean.* 17 W. Va.
665; *Neely* v. *Jones*, 16 W. Va. 625.   The wisdom of these
requirements as to the necessary parties being before the
court prior to execution to order of reference is illutrated
in the commissioner's report in this case.  In the first place,
it says nothing about the ninety-nine and one-half acres on
which the attachment was levied, but allows it as a lien
on two tracts containing twenty-nine and five-eighths acres
and twenty-three and one-third acres, respectively, which
the commissioner reports as belonging to J. S. Carrico, so
far as he has been able to ascertain.  Next he fails to ascer-
tain the thirty-one and three-eighths acres on which H .J.
Cooper has a trust lien by virtue of a trust deed which vests
the legal title thereof in L. Hansford, trustee, neither of
whom were parties to the Cosner suit, or to identify the
same with the two tracts reported; yet the court decrees
both said tracts subject to such trust lien, which hardly
can be true.   The Malinda Carrico deed was not acknowl-
edged or recorded until some time subsequent to the trust
deed, and the land she claims may be subject to such trust
deed.   This Malinda Carrico tract contains six and a frac-
tion acres, and was not deeded to her by proper acknowl-
edgment and recordation until the 4th of September, 1896,
and is therefore subject to the lien of the judgment of
Johnson & Smith, dated the 30th day of July, 1896; and,
if she had notice thereof, it is also subject to the lien of the
L. D. Lambert judgment dated February 8, 1896.  This lat-
ter judgment is also prior to the trust lien if the trustee
and the *cestui que trust* had notice thereof.  It is made
eighth in priority, whereas between it and the other judg-
ment liens it should be first in priority.   *Chantham* v.
*Lucas*, 24 W. Va. 231; *Anderson* v. *Nagle*, 12 W. Va. 98;
*Renick* v. *Ludlngton*, 14 W. Va. 367.   These errors are
pointed out to show the necessity of having the right par-
ties present in the court, and affording them a proper op-
portunity to be heard before the commissioner.  The deed
of Malinda Carrico is attacked as fraudulent, but it is not
necessary to pass upon this question until it is ascertained
whether the tract of land thereby conveyed will have to
be sold to satisfy the judgment liens against the same.
The decree complained of is wholly reversed and annulled,
and these causes are remanded to the circuit court for

further proceedings therein according to the rules and principles governing courts of equity.

*Reversed.*