# CHARLESTON.

BELLE RARDIN v. R. B. RARDIN *et als.*

Submitted October 28, 1919.   Decided November 18, 1919.

1.   LIS PENDENS—*Rights of Purchasers Pendente Lite—Effect of Decree.*

According to the common law doctrine of *lis pendens*, one who purchases from a party to a pending suit a part or the whole of the subject matter involved in the litigation takes it subject to the final disposition of the cause, and is bound by the decree that may be entered against the party from whom he derived title. (p. 148).

2.   SAME—*Relation Back to Service of Process.*

Where process in the suit has been issued and regularly served, and a bill has been filed disclosing the nature and purpose of the suit and its relation to the property involved with sufficient certainty to put an intending purchaser upon inquiry as to whether it is actually involved in the suit, the *lis pendens* dates at least from the filing of the bill. (p. 149).

3.   SAME—*Statutory Provisions.*

Statutes requiring recordation of formal notice of the pendency of a suit, before a pendente lite purchaser for valuable

85 W. Va.

consideration without notice can be bound by the decree rendered therein, do not themselves create the law of lis pendens in the particular jurisdictions in which they are operative, but rather may be regarded as imposing limitations upon the common law otherwise existing upon the subject. Actions or proceedings of a class not embraced within the terms of the statute remain subject to the common law rule regarding lis pendens. (p. 149).

4. SAME—*Recordation of Formal Notice.*

Section 13, ch. 139, Code, limiting the scope of the common law rule of lis pendens in this state, requires recordation of formal notice of the pendency of the suit only where the proceeding is one to subject real estate to the payment of any debt or liability, and where no previous lien shall have been acquired thereon in some one or more of the methods prescribed by law. In the absence of either or both of these requirements the statute does not apply, and the common law rule, requiring no formal notice, governs. (p. 150).

5. SAME—*Application of Statute Requiring Formal Notice—"Previous Lien".*

In a suit to enforce a prior unrecorded judgment against real estate owned by the judgment debtor, but later conveyed by him, such judgment constitutes a "previous lien" against the real estate within the meaning of section 13, ch. 139, Code, thereby rendering inapplicable the provisions of that statute. (p. 152).

6. SAME—*Rights of Bona Fide Purchasers—Necessity of Recording Judgment.*

A pendente lite purchaser of the property involved in such suit, therefore, is subject to the common law rule of lis pendens, and bound by the decree entered in the cause, and is not protected by the provisions of section 6, ch. 139, Code, requiring a judgment for money to be recorded before it can be binding as a lien on real estate against a purchaser for value without notice. (p. 152).

Appeal from Circuit Court, Cabell County.

Suit by Belle Rardin against R. B. Rardin and others in which L. A. Brewer by petition became a party defendant. Decree for plaintiff, and defendant L. A. Brewer appeals.

*Affirmed.*

*Meek & Renshaw,* for appellant.
*W. K. Cowden,* for appellee.

LYNCH, JUDGE:

In a suit brought for the purpose the plaintiff on the first day of November, 1910, obtained a divorce from her husband, Robert B. Rardin, from bed and board, and an allowance of two dollars per week as alimony; and on the 17th day of October, 1912, a divorce a vincula matrimonii, and also a decree requiring her husband to pay her $184, that being the aggregate of the weekly payments first decreed but no part of which he had theretofore paid, and the costs of the suit. The last decree she obtained in the manner authorized by section 13, ch. 64, Code. On or about August 29, 1912, R. B. Rardin inherited from his mother, Sarah E. Rardin, an undivided one-fourth interest in a lot situated in the city of Huntington, which interest he conveyed to his brother, Will T. Rardin, October 26, 1912, or nine days after his wife obtained the decree of absolute divorce last referred to. The plaintiff instituted this suit February 27, 1913, process being served the day following, for the purpose of enforcing against the property of her husband the judgment rendered against him in the decree of October 17, 1912, the bill alleging that the conveyance made by him to his brother was fraudulent and without consideration. It is this deed that the decree complained of canceled and held for naught, so far as her debt and demand is concerned.

As originally instituted, the only parties defendant to the suit were R. B. Rardin and W. T. Rardin and the latter's wife. Later, however, the appellant, L. A. Brewer, became a party defendant by petition filed June 13, 1917, in which he set up a purchase by him from W. T. Rardin and others, the heirs at law of Sarah E. Rardin, of all their interests in the Huntington lot owned by the latter at her death, including the undivided one-fourth interest conveyed by R. B. Rardin to his brother, pursuant to which he alleges he paid to his grantors the entire consideration agreed upon between them, and they conveyed to him the lot July 1, 1913, four months after the institution of this suit. In his petition Brewer claimed to be a purchaser for value without notice of the pendency of this suit and of the decrees entered in the divorce proceedings requiring the defendant therein to pay to plaintiff the money therein decreed to her; and that he was not aware when he purchased the lot and obtained

a deed therefor that plaintiff had any claim against R. B. Rardin's interest therein or right to subject it to sale to satisfy such claim; and further that at that time he had no notice or knowledge of any fraud committed or intended by R. B. Rardin or W. T. Rardin in the execution and procurement of the deed of October 26, 1912; and that at the time of such purchase and the payment of the consideration therefor and the procurement of the deed of July 1, 1913, plaintiff and no one for her had caused the decree in the divorce suit or notice of the pendency of this suit to be docketed or filed in the office of the clerk of the county court of Cabell County, as required by sections 4, 6 and 13, ch. 139, Code; that pursuant to such purchase and conveyance he entered upon the lot, took and since has retained possession of it, and made valuable and permanent improvements thereon; wherefore and by reason thereof and all of which he challenges the legal right of the plaintiff to enforce the decree against said lot or any part of it, and asserts that his right thereto is superior and paramount to any right claimed by her against the same. But the decree complained of accorded to plaintiff a judgment of $284.62 upon the former money decree and the costs of the suit, dismissed the petition of appellant, set aside the deed of October 26, 1912, from R. B. Rardin to W. T. Rardin, and directed the sale of the one-fourth interest to satisfy the judgment in case of default in the payment thereof.

For the purposes of this discussion the allegations of appellant's petition will be taken as true, for there is no dispute concerning them, thus presenting the single question whether one who purchases real estate involved in a pending suit brought to charge it with the amount of a decree theretofore rendered in a former suit, but not recorded, takes it subject to the final disposition thereof in such pending suit.

The common law doctrine of lis pendens is a rule of ancient origin. According to its terms, one who purchases from a party to a pending suit a part or the whole of the subject matter involved in the litigation takes it subject to the final disposition of the cause and is bound by the decree that may be entered against the party from whom he derived title. The litigating parties need take no notice of the title so acquired, nor is it necessary to make such purchaser a party. The basis for

the rule, which frequently works hardship upon innocent purchasers for value without notice, rests upon considerations of public policy, the ground being that it is necessary to the administration of justice that the decision of the court in a suit relating to specific property should be binding, not only on the litigant parties, but on those who derive title from them pendente lite, whether with notice of the suit or not. Otherwise all such suits might be rendered abortive by successive alienations of the property involved therein. At the end of one suit another would have to be commenced, and after that another, if the property should again be aliened; so that it would be almost impossible for a plaintiff ever to enforce his rights by resort to legal proceedings. *Newman* v. *Chapman,* 2 Rand. (Va.) 93; *Wilfong* v. *Johnson,* 41 W. Va. 283; *Wingfield* v. *Neal,* 60 W. Va. 106; 17 R. C. L. 1012. The doctrine of lis pendens, however, applies only where, as here, the legal proceeding relates directly to the thing or property in question, and has no application to actions to recover personal judgments. *White* v. *Perry,* 14 W. Va. 66.

Where process in the suit has been issued and regularly served, and a bill has been filed disclosing the nature and purpose of the suit and its relation to the property involved with sufficient certainty to put an intending purchaser upon inquiry as to whether it is actually involved in the suit, the lis pendens dates at least from the filing of the bill. Bennett, Lis Pendens, pp. 95-97; 17 R. C. L. p. 1033; 25 Cyc. 1463. There is authority in this state holding that in such a case the lis pendens relates back to the date of the service of process, where that antedates the filing of the bill *(Newman* v. *Chapman, supra; Harmon* v. *Byram's Adm'r,* 11 W. Va. 511; *Stone* v. *Tyree,* 30 W. Va. 687; *O'Connor* v. *O'Connor,* 45 W. Va. 354), and some intimating that perhaps it should date from the issuance of the writ *(United States Blowpipe Co.* v. *Spencer,* 46 W. Va. 590; *Geiser Manufacturing Co.* v. *Chewning,* 52 W. Va. 523, 534). It is not necessary at this time to determine the correctness of these earlier authorities on this point. That question is not material here, for the issuance and service of process and filing of the bill all antedate appellant's purchase by approximately four months.

Because of the severity and harshness of the doctrine of lis pendens, in many states statutes have been enacted requiring recordation of formal notice of the pendency of the suit before a purchaser for value without notice can be bound. These statutes do not themselves create the law of lis pendens in the particular jurisdictions in which they are operative, but rather may be regarded as imposing limitations upon the common law doctrine otherwise existing upon the subject. Actions or proceedings of a class not embraced within the terms of the statute must remain subject to the common law rule regarding lis pendens. Note, 56 A. S. R. 855; 17 R. C. L. 1016.

The statute limiting the scope of the common law rule in this state is section 13, ch. 139, Code: "The pendency of an action, suit, attachment or proceedings to subject real estate to the payment of any debt or liability, upon which a previous lien shall not have been acquired in some one or more of the methods prescribed by law, shall not bind or affect a purchaser of such real estate, for a valuable consideration, without notice, unless and until a memorandum, setting forth the title of the cause, the court in which it is pending, the general object of the suit, attachment or other proceeding, the location and quantity of the land, as near as may be, and the name of the person whose estate therein is intended to be affected by the action, suit, attachment or proceeding, shall be filed with the clerk of the county court of the county in which the land is situated. The clerk of every such county court shall without delay record the said memorandum in the deed book, and index the same in the name of both the parties."

From a consideration of this section it is seen that two specific requirements must be met before a plaintiff in a suit is required to file for recordation the formal notice mentioned above, in order to bind a pendente lite purchaser for value without notice. First, the proceeding must be one "to subject real estate to the payment of any debt or liability"; second, "upon which a previous lien shall not have been acquired in some one or more of the methods prescribed by law." Hence if the proceeding is not one to charge real estate with a debt or liability, or if a previous lien shall have been acquired thereon, the statute does not apply, and the common law rule of lis pendens governs, which requires no such notice.

The effect of section 13 has been discussed in several cases. In *Osborn* v. *Glasscock,* 39 W. Va. 749, it was held to have no application where the subject matter of the suit was personal property, not real estate. In *Wilfong* v. *Johnson,* 41 W. Va. 283, and *O'Connor* v. *O'Connor,* 45 W. Va. 354, the purpose of the suits was merely to cancel and set aside deeds as fraudulently obtained, and in each case the court held that the pendente lite purchaser was not protected by section 13, since the suits were for the recovery of real estate, and not to subject it to the payment of a debt or liability.

Similarly in *Harmon* v. *Byram's Adm'r,* 11 W. Va. 511, and *Shumate's Ex'rs* v. *Crockett,* 43 W. Va. 491, the second requirement was missing. In both cases previous liens existed on the real estate involved, in one, a judgment lien, in the other, judgment and deed of trust liens, all recorded. Because of the existence of these previous liens, the statute was held not to apply, and the pendente lite purchaser took subject to the decree.

The only case which we have discovered where the statute was held to apply to the relief of a purchaser pendente lite, where no formal lis pendens notice had been filed, is *DeCamp* v. *Carnahan,* 26 W. Va. 839, an attachment suit against the property of one Campbell. There both requirements of section 13 were complied with. An attempt was made, however, to except the case from the statute on the ground that the lien acquired by instituting the attachment suit was of itself such a lien as the statute specified. But in denying that contention the court said (p. 843) : "The fallacy of this argument is that the statute declares that the lien excepted from the operation of the statute must be a *'previous lien* acquired in some one or more of the methods prescribed by law.' It must have been a lien acquired upon the real estate sought to be affected in that suit *prior* to the commencement of the suit. This was certainly not such a lien. This was acquired after the institution of the suit, or at the time of the institution of the suit in which it is sought to be enforced. It follows, therefore, that, unless such lis pendens was recorded as prescribed by the statute, the lien could not bind or affect a purchaser of such real estate." (Italics not ours).

In the present case the fundamental purpose of the suit was

to subject real estate to the payment of a debt or liability. `It is only as incidental to the sale of the undivided one-fourth interest conveyed from R. B. Rardin to W. T. Rardin by deed of October 26, 1912, and by the latter to the appellant, that the plaintiff seeks to set aside that instrument. She is not seeking to recover title or possession of such interest, but merely to remove all bars which might hinder or prevent recourse to that interest in the satisfaction of her claim. That the prime object of the suit was the subjection of real estate to a debt or liability is conclusively shown, not only by the bill praying relief, but by the final decree ordering the sale of such interest, which sets aside the conveyance aforesaid, "but so far only as the said debt and demand of said plaintiff, Belle Rardin, is concerned."

But it is the second requirement of section 13, ch. 139, that is absent. The decree for money rendered in the divorce suit on October 17, 1912, though unrecorded, created a lien upon the real estate of R. B. Rardin within the meaning of that section. According to the terms of sections 1 and 5 of that chapter, "every judgment for money rendered in this state heretofore or hereafter against any person shall be a lien on all real estate of or to which such person shall be possessed or entitled at or after the date of the judgment," subject only to the qualification contained in section 6 that it shall not be operative against a purchaser for valuable consideration without notice unless recorded in the county wherein such real estate is. This qualification or exception, however, does not affect the existence of the lien, but merely renders it inoperative under certain conditions. Hence, there being a previous lien upon the real estate at the time of the institution of the suit, the provisions of section 13 requiring filing and recordation of formal notice of lis pendens have no application here. The only difference between the facts of this case and those of *Harmon* v. *Byram's Adm'r, supra,* and *Shumate's Ex'rs* v. *Crockett, supra,* where the statute was held not to apply, is that in the latter cases the judgments were recorded, while here that was not done. That difference, however, is not material. Section 13 does not require that the liens be recorded, but only that they be "previous liens", such as we have shown to exist here.

Since the statute does not apply to the relief of appellant,

the case is to be governed by the common law rules of lis pendens, which are, that one who purchases from a party to a pending suit a part or the whole of the subject matter involved in the litigation takes it subject to the final disposition of the cause, and is bound by the decree that may be entered against the party from whom he derived title. Accordingly, appellant is bound by the decree complained of which subjects to sale the undivided one-fourth interest in the lot purchased by him pendente lite, unless protected by the provisions of section 6, ch. 139, Code, which requires a judgment for money to be recorded before it can be binding as a lien upon real estate against a purchaser for value without notice. If the purchase had been made prior to the institution of this suit, that section clearly would have protected him. But after its institution he was subject to the common law doctrine of lis pendens, which is inexorable, except in so far as modified by section 13 of chapter 139. Though the rule works harshly against purchasers such as appellant, yet it rests with the legislature, not with this court, to effect a modification of its terms.

Though apparently the conclusion we have announced is not in accord with the principles enunciated in *Newman* v. *Chapman, supra,* 2 Rand. (Va.) 93, yet when they are interpreted and understood in view of the facts of that case, the conclusion does not contravene them. The facts of the two cases put them upon an entirely different basis. The fundamental distinguishing feature is that which differentiates a mortgage from a judgment or decree. By the provisions of section 5, ch. 74, Code, every mortgage of real estate is void as to creditors or purchasers for valuable consideration without notice, until and except from the time it is duly admitted to record in the county wherein the property embraced in the deed may be. Such was the character of the instrument with which the decision of the Newman case dealt, and it was not admitted to record at the time the sale involved became effective by the execution and recordation of the deed and full compliance of the purchaser with the terms of the sale to him. There was then no lien binding on the land purchased by him that could or did affect the title acquired by him. As to him the mortgage lacked an element essential to its validity. It was not merely voidable as to him, it was

void, and, though valid as between the parties immediately concerned in its execution, recordation was an essential prerequisite to affect him.

No such provision obtains respecting the lien of the decree rendered in favor of the plaintiff in the divorce suit, and which she seeks to enforce in this suit. If, as we have said, Brewer had bought the land at any time when no suit was pending to subject it to sale to satisfy the lien and for that purpose to set aside the two deeds, he would have been protected because of the lack of recordation required by section 6, ch. 139, Code. Sections 6 and 13 are to be construed as expressive of the legislative intent touching the same class of persons or things, liens and purchasers for value without notice. In this respect the sections are in pari materia. They refer to the same subject, and their plain intent is the creation of a system respecting the enforceability of liens against lands purchased when no suit is pending to enforce them, as in section 6, and when there is such suit, as in section 13; and, if it be true, as argued by counsel, that, unless recorded, the decree for the satisfaction of which plaintiff brought this suit does not bind the land owned by the husband on the date of the decree, then the clause of section 13, "upon which a previous lien shall not have been acquired in some one or more of the methods prescribed by law," is a nullity, and therefore without force or effect. The decree became such a lien before the sale and conveyance to his brother, and it then bound and still continues to bind it because of the pendency of this suit.

Since the facts set up in the petition are shown not to constitute a defense, it becomes unnecessary to discuss the right of appellant to intervene in the suit as he did. The decree of the circuit court, therefore, will be affirmed.

*Affirmed.*