# CHARLESTON.

FANNY RICHARDSON v. I. C. WHITE et al.

(C. C. 342)

Submitted April 14, 1925. Decided April 21, 1925.

JUDGMENT—*Statute Relating to Liens of Judgments on Land Held Not to Apply as Between Judgment Creditor and Judgment Debtor.*

Section 6 of chapter 139 of the Code, relating to judgment liens, was enacted for the protection of purchasers for a valuable consideration without notice, and has no application as between the judgment creditor and his debtor.
(Judgment, 34 C. J. § 885).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certified Questions from Circuit Court, Calhoun County.

Suit by Fanny Richardson against I. C. White and others. After overrulng defendant's demurrer, the trial court certified questions.

*Ruling sustained.*

*A. G. Mathews,* for plaintiff.

*Lorentz C. Hamilton,* for defendant I. C. White.

MILLER, JUDGE:

Plaintiff's bill prays for a sale of so much of the real estate of the defendant White as will be necessary to satisfy a judgment obtained by her against him and others on the 26th day of October, 1903. The lower court overruled defendants' demurrer and, on the joint application of the parties to the suit, certified to this court the questions arising on its ruling.

The bill alleges that plaintiff obtained a judgment against the defendant White and others on October 26, 1903; that on the same day she caused an execution to be issued, which was levied on certain personal property owned by White, but which was returned unsatisfied; that a second execution was

issued August 22, 1912, a third August 4, 1913, and a fourth July 10, 1919, each of which was returned unsatisfied; and that the return of the execution issued July 10, 1919, was filed in the office of the clerk of the county court on July 10, 1919, and was noted by the clerk on the page of the judgment lien docket on which the judgment in question was docketed.

Relying on section 6, chapter 139 of the Code, defendants contend, in support of their demurrer, that because no execution, nor a copy thereof, was filed in the office of the county court wherein the real estate of the judgment debtor was situated, within ten years from the date of the judgment, the lien of plaintiff's judgment can not now be enforced against defendant's real estate.

Sections 5 and 6, chapter 139 of the Code, are as follows:

"Section 5. Every judgment for money rendered in this State heretofore or hereafter, against any person, shall be a lien on all real estate of or to which such person shall be possessed or entitled at or after the date of such judgment, or, if it was rendered in court, at or after the commencement of the term at which it was so rendered, except as follows:

"Section 6. No judgment shall be a lien on real estate as against a purchaser thereof for valuable consideration without notice, unless it be docketed according to the third and fourth sections of this chapter, in the county wherein such real estate is, before a deed therefor to said purchaser is delivered for record to the clerk of the county court. Provided, that no judgment which is a lien on real estate shall continue a lien on such real estate, in case execution issued thereon, unless the execution issued on said judgment, or a copy thereof be filed in the office of the clerk of the county court, wherein such real estate is situated, within ten years from the date of said judgment or in case other executions have heretofore issued on said judgment, then within ten years from the date of the last execution so issued thereon. And it shall be the duty of the clerk of the county court wherein such real estate is situated to note on the page of the judgment docket where such judgment

is docketed, the date on which said execution was issued and the date of the filing of the same in said office, and for such service the clerk shall receive a fee of twenty-five cents to be paid by the person filing such execution or copy.''

Section 6, by the terms of section 5, is an exception to the general provision of that section creating a lien on the real estate of the judgment debtor, and applies only to purchasers for a valuable consideration without notice; and the *proviso* now a part of section 6, the provision relied on by defendants, was added thereto by chapter 47 of the Acts of 1909, which by its terms only purports to amend and re-enact ''section four thousand one hundred and forty-six, code of one thousand nine hundred and six.'' Section 4146, Code 1906, was the same as the first sentence of the present section 6, the part preceding the *proviso* added thereto by chapter 47, Acts 1909. The Act of 1909 did not purport to modify or amend section 5 of chapter 139. So that section 6 has no application here, being solely for the protection of purchasers for a valuable consideration without notice. *Renick* v. *Ludington*, 14 W. Va. 367; *McClaskey* v. *O'Brien*, 16 W. Va. 791; *Grantham* v. *Lucas*, 24 W. Va. 231; *Rardin* v. *Rardin*, 85 W. Va. 145.

Besides, the judgment sought to be enforced by this suit is one against the defendants. In *Renick* v. *Ludington, supra,* it was held: ''As between the judgment creditor and debtor the statute requiring the judgment to be docketed has no application or force. Section 5 of chapter 139 of the Code, gives a positive express lien of a judgment against all the lands, of or to which the debtor shall be possessed or entitled at or after the date of such judgment, or if it was rendered in court, at or after the commencement of the term, at which it was so rendered; and such lien continues until it is in some legal manner discharged.'' See, also, Enc. Dig. Va. & W. Va. Rep. 335, and cases cited.

In view of the clear terms of the statute governing the questions presented, we doubt whether their certification to this court justifies the delay in the trial of the cause occasioned thereby.

The ruling of the lower court will be sustained.

*Ruling sustained.*