MYRTLE COOPER

v.

CLIFFORD J. COOPER, *et al.*

(No. 10864)

Submitted April 30, 1957.   Decided June 25, 1957.

*Pettigrew, Samms and Pettigrew,* for appellant.

*Ned H. Ragland, W. Hayes Pettry,* for appellee.

DUCKER, JUDGE:

The plaintiff below, Myrtle Cooper, brought this suit in chancery against her husband, Clifford J. Cooper, and others, in the Circuit Court of Nicholas County, seeking partition in kind or, if not partitionable in kind, a sale of specifically described real estate and personal property owned equally and jointly by plaintiff and her husband, the payment of all lien indebtedness against the same and the payment to her of that portion or part of the remaining proceeds to which plaintiff may be entitled. The bill of complaint alleges the several items of lien indebtedness against the property, making the lienholders parties defendant to the suit. Upon a reference to a Special Commissioner in Chancery, the several lien creditors proved their claims and the Commissioner reported the priority thereof in order, from first to twelfth, inclusive. Among the lien claims reported by the Commissioner was the claim of the appellant, Virginia Hall Kuhn, defendant below, who had obtained a judgment for $12,-500.00 in an alienation of affections suit against said Myrtle Cooper, which judgment lien was designated as fifth in priority, and the claim of Ned H. Ragland and W. Hayes Pettry, evidenced by a note of Myrtle Cooper for $10,000.00, representing attorneys' fees and secured by two deeds of trust, one on the interest of Myrtle Cooper in the real estate and the other on her interest in personal property, which deed of trust lien was designated as sixth in priority. Upon exception by Ragland

and Pettry to the report of the Commissioner, the Circuit Court, by decree entered on September 4, 1956, held that the deed of trust on the real estate in favor of Ned H. Ragland and W. Hayes Pettry was entitled to be fifth in order of priority and that the judgment lien of Virginia Hall Kuhn was entitled to be sixth in order of priority, and it is from this part of the decree of the Circuit Court that the defendant below, appellant here, appeals.

As the appellant, Virginia Hall Kuhn, in her petition, upon which this appeal was granted, claims that it was prejudicial error for the Circuit Court to relegate her judgment lien to sixth in priority and subordinate it to the deed of trust in favor of Ragland and Pettry, it is evident that the parties to this appeal fear, or have concluded, that the proceeds of the property to be sold to satisfy the liens will not be sufficient to pay off such liens to the extent of those fifth and sixth in priority, and hence the importance of the order of their priority. The sole issue in this appeal then is whether the judgment lien of Virginia Hall Kuhn or the deed of trust lien of Ragland and Pettry is entitled to be fifth in priority.

The appellant's lien claim is based on a judgment rendered by the Circuit Court of Kanawha County on the 17th day of November, 1953, in the sum of $12,-500.00, in accordance with a jury verdict in that amount, with interest from October 15, 1953. With service of process on the defendant on June 13th, 1953, the case was matured and the said judgment was rendered at the September, 1953 term of the said Circuit Court of Kanawha County which began on Monday, the 2nd day of September, 1953.

The appellant, Virginia Hall Kuhn, in her answer avers that the lien of her judgment has priority over the deed of trust lien of Ragland and Pettry because the latters' deed of trust was executed during the trial of the suit for alienation of affections against Myrtle Cooper, and that appellant is informed and believes that said trust deed was executed "in order to endeavor to deprive this

defendant (Virginia Hall Kuhn) from collecting her said judgment and therefore said trust deed was executed as a scheme to defraud this defendant and other lien creditors of the plaintiff, Myrtle Cooper." Furthermore, she also alleged that the fees charged by Ragland and Pettry were exorbitant and that other arrangements were made by plaintiff for their payment.

The defendants Ragland and Pettry filed an answer in the nature of a cross-bill setting up their claim secured by the deed of trust executed by plaintiff, Myrtle Cooper, upon her property, dated October 13, 1953, securing a note for $10,000.00 for expenses and attorneys' fees, and said deed of trust was duly recorded in the Nicholas County Clerk's Office on October 14, 1953. The claim of Ragland and Pettry was in the sum of $11,524.31, but claimants waived the amount in excess of the amount due on the $10,000.00 note. The evidence shows the plaintiff, at the time of the execution of the note and deed of trust, was involved in several matters of litigation, needed counsel and, as found by the Circuit Court, could only engage counsel by giving to them the note and deed of trust. The legal services rendered by Ragland and Pettry as attorneys for Myrtle Cooper included a mandamus proceeding, an adultery case, the alienation of affections damage case in which Virginia Hall Kuhn was plaintiff, a chancery suit of Virginia Hall Kuhn to enforce her judgment, a chancery case of the Qualified Range Company, and this partition suit. Particular note is made of the fact that Ragland and Pettry were the attorneys for the defendant, Myrtle Cooper, in the alienation of affections suit of Virginia Hall Kuhn against Myrtle Cooper, and that they were in the trial of that case at the time of the execution and delivery to them by Myrtle Cooper of the deed of trust securing the note of $10,000.00 representing their expenses and fees.

Although the appellant, Virginia Hall Kuhn, in her petition for this appeal, specifies nine assignments of error to the decree of the Circuit Court, it is necessary for a decision of this case to consider only one of them,

as the question raised by it is entirely controlling, rendering any other assignment immaterial. The one assignment of error so determinative of the rights of the parties is that under Code 38-3-6 the judgment in favor of appellant rendered on November 17, 1953 related back and became effective on September 2, 1953, the first day of the September, 1953 term of the Kanawha Circuit Court at which term said judgment was rendered.

Code 38-3-6 is in the following language:

"Every judgment for money rendered in this State, other than by confession in vacation, shall be a lien on all the real estate of or to which the defendant in such judgment is or becomes possessed or entitled, at or after the date of such judgment, or if it was rendered in court, at or after the commencement of the term at which it was so rendered, if the cause was in such condition that a judgment might have been rendered on the first day of the term; but if from the nature of the case judgment could not have been rendered at the commencement of the term, such judgment shall be a lien only on or after the date on which such judgment or decree could have been rendered and not from the commencement of the term; but this section shall not prevent the lien of a judgment or decree from relating back to the first day of the term merely because the case shall be set for trial or hearing on a later day of the term, if such case was matured and ready for hearing at the commencement of the term, nor merely because an office judgment in a case matured and docketed at the commencement of the term does not become final until a later day of the term * * *."

In this connection it is also necessary to consider the applicability of that portion of the section of the statute, Code 38-3-7, which protects bona fide purchasers for value without notice against any unrecorded judgments, and which portion of such latter section of the statute reads as follows:

"No judgment shall be a lien as against a

purchaser of real estate for valuable consideration without notice, unless it be docketed according to the fifth section (§3765) of this article, in the county wherein such real estate is, before a deed therefor to such purchaser is delivered for record to the clerk of the county court of such county * * *."

As we have seen, the trust deed securing Ragland and Pettry was given to them while Ragland and Pettry were serving the plaintiff as her counsel in the trial of the alienation of affections suit of appellant, Virginia Hall Kuhn, and they were fully aware of Virginia Hall Kuhn's claim upon which her suit against Myrtle Cooper was based, and Ragland and Pettry were therefore necessarily cognizant of the possibility, if not the probability, of a judgment resulting therein in appellant's favor, and that such judgment would be a lien on plaintiff's property. Such knowledge on the part of Ragland and Pettry, as well as their right to have security for their services, could have motivated the procurement of the note and deed of trust at that time. Although appellant alleged fraud without proof of anything which could be construed as fraud, other than what is often designated as amounting to be in constructive fraud of creditors because of the creation of preferential rights in favor of a particular creditor, there is nothing in this record to indicate that the transaction pertaining to the giving and receiving of the note and deed of trust was not entirely fair and proper, and it is indeed unfortunate that they may not be paid for their expenses and services, but the quality of their security cannot for such reason be enlarged or changed contrary to the law applicable to the facts. Furthermore, it appears that Myrtle Cooper was unable to obtain funds with which to employ counsel and was willing to secure compensation to them as best she could, considering the legal difficulties with which she was confronted, and it is unfortunate that her interest in the property, which is the subject of this suit, may not be sufficient to produce enough funds upon a sale thereof to satisfy her indebtedness to Ragland and Pettry, regardless of the order of priority of the lien creditors.

However, the situation resulting does not affect the order of priority to which the lien creditors are entitled unless Ragland and Pettry are, under their deed of trust, purchasers of the property for value and without notice, and for that reason protected against the judgment lien of Virginia Hall Kuhn. That the holder of the lien sixth in priority may not receive satisfaction of his claim is not a factor in determining the respective legal rights of the parties.

We are first confronted with the question of whether or not Ragland and Pettry are bona fide purchasers for value without notice of the judgment lien. Inasmuch as they were fully aware of the claim of appellant by virtue of their acts as counsel for Myrtle Cooper in the alienation suit of appellant, and that such claim could result in a judgment with its resulting lien, we conclude that they had actual notice and therefore were not protected by the statute. The statute is designed to protect only those who have neither actual nor constructive notice, and it is not material here between creditors whether their lien secures payment for past or future expenses and services. The deed of trust creditors here take only such rights as they may be entitled to over creditors according to their priority in time. This then presents the question of priority according to the respective dates of the liens involved.

The decision on this appeal then must depend upon the validity of appellant's assignment of error to the effect that her judgment antedates the deed of trust, because, being rendered on November 17, 1953, at the September, 1953 term of the Circuit Court, it relates back and is effective from the first day of that term, namely, as of September 2, 1953.

The language of the statute, Code 38-3-6 is clear, that as to any cause which was in such condition that a judgment might have been rendered on the first day of the term at which the judgment was rendered, such judgment shall be a lien on all the real estate of the defendant.

Here service of the summons in the alienation suit was had on Myrtle Cooper on June 13, 1953, and being, according to proper procedure, an action of trespass on the case, sufficient time had elapsed for the case to be matured for trial at the September term, although it was not tried until October 12, 1953. The manifest purpose of that part of the statute is to prevent claimants from obtaining any advantage over one another by reason of any one obtaining an earlier trial date than another at the same term of court. In this instance, the alienation of affections suit, having been set for trial at the September term of court, must have, as found by the Commissioner, matured and been ready for trial and could have been tried on the first day of the term, and, therefore, it became a lien effective as of the first day of the term; and we are of the opinion that the finding of the Commissioner in Chancery that the lien of the judgment in favor of the appellant, Virginia Hall Kuhn, was effective as of the first day of the September, 1953 term of the Kanawha Circuit Court, and was thus superior to the lien of the deed of trust securing the note to Ragland and Pettry. 11 Michie's Jurisprudence, Judgments and Decrees, §58 and §59; *Dunn's Ex'rs.* v. *Renick et al.,* 40 W. Va. 349, 360, 22 S. E. 66; *Smith* v. *Parkersburg Co-Operative Association,* 48 W. Va. 232, 248, 37 S. E. 645; *In Re McGraw* (W. Va.) 254 F. 442; *Richardson* v. *White,* 99 W. Va. 31, 33, 127 S. E. 636.

We therefore reverse the judgment of the Circuit Court of Nicholas County in holding that the deed of trust lien of Ragland and Pettry is entitled to priority over the judgment lien of the appellant, Virginia Hall Kuhn, and we direct that the judgment lien of Virginia Hall Kuhn be decreed fifth in order of priority and the deed of trust lien of Ned H. Ragland and W. Hayes Pettry be decreed sixth in order of priority of liens against the interest of Myrtle Cooper in the property embraced in this partition suit.

*Reversed and remanded,*
*with directions.*