429 S.E.2d 73

STATE of West Virginia ex rel. PARK-LAND DEVELOPMENT, INC. and William Abruzzino, Petitioners,

v.

Honorable John L. HENNING, Judge of the Circuit Court of Randolph County, and E.R.A. Corporation, Respondents.

No. 21571.

Supreme Court of Appeals of West Virginia.

Submitted March 2, 1993.

Decided March 25, 1993.

William W. Talbott, Webster Springs, for petitioners.

Evans L. King, Jr., Randall C. Light, Steptoe & Johnson, Clarksburg, for E.R.A. Corp.

PER CURIAM:

■ Parkland Development, Inc. and William Abruzzino, Parkland's president, seek to vacate an order, entered by John L. Henning, Judge of the Circuit Court of Randolph County dated September 21, 1992, that denied their motion to dismiss and expunge a notice of *lis pendens* [1] filed

1. *See W.Va.Code* 55–11–1, –3 [1979]. "Literally,    *'lis pendens'* means a pending suit. *Lis pendens*

by respondent E.R.A. Corporation. Because *W.Va.Code* 55–11–2 [1923] states that a notice of *lis pendens* can be based on an attachment, we find that the circuit court's refusal to grant Parkland's motion to expunge the notice of *lis pendens* was not legal error and, therefore, a writ of prohibition is not justified under the criteria enunciated in *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979).

On September 18, 1990, Parkland and E.R.A. entered a lease agreement in which Parkland agreed to build for and lease to E.R.A. a restaurant, which was to be part of a shopping center, to be developed by Parkland. Parkland also agreed that E.R.A. would have certain rights in the "Valley Pointe Shopping Center", namely parking, ingress, egress, use of common areas and right to place a large sign. According to an amendment to the lease, September 1, 1991 was the completion date for the shopping center and the restaurant.

On February 4, 1992, after Parkland failed to construct either the restaurant or the shopping center, E.R.A. filed a complaint against Parkland seeking, in the alternative, specific performance, money damages for lost profits, expenses and punitive damages.[2] Based upon the affidavit of Evan Y. Semerjian, E.R.A.'s secretary, which verified the allegations in the complaint and said that Parkland is "a foreign corporation authorized to do business in the State of West Virginia," E.R.A. obtained an order of attachment and had the Sheriff of Randolph County execute the attachment upon Parkland's property. Based on the lease and the attachment, E.R.A. recorded a notice of *lis pendens* covering the entire proposed shopping center. Parkland objected, claiming the notice of *lis pendens* was overly broad. Parkland argued that the entire proposed shopping center should not be subject to the notice of *lis pendens* and proposed that the circuit court release the notice of *lis pendens* "as it affects any other property other than what is set out in the Lease." Without deciding if E.R.A. had an interest in the shopping center beyond the restaurant's site, the circuit court ordered the notice of *lis pendens* to be lifted, except as it affects the restaurant's proposed site and a limited parking area upon condition that Parkland post a $250,-000 bond. Then Parkland, arguing that the notice of *lis pendens* affecting the entire shopping area including the restaurant's site should be expunged, sought a writ of prohibition from this Court.

■ *W.Va.Code* 55–11–2 [1923] states that a notice of *lis pendens* can be filed "[w]henever any person shall commence a suit, action, *attachment,* or other proceeding, ... to enforce any lien upon, right to, or interest in designated real estate...." (Emphasis added).[3] In Syllabus Point 2,

---

has been defined as 'the jurisdiction, power, or control which a court acquires over property involved in a suit, pending the continuance of the action, and until final judgment therein.' 54 C.J.S. *Lis Pendens* § 2 (1987)." *State ex rel. Watson v. White,* 185 W.Va. 487, 488 n. 1, 408 S.E.2d 66, 67 n. 1 (1991).

**2.** Although the parties' briefs present factual questions that may go to the merits of the underlying suit, a resolution of these matters is not required to determine the justification for the notice of *lis pendens.*

**3.** *W.Va.Code* 55–11–2 [1923] states:

Whenever any person shall commence a suit, action, attachment, or other proceeding, whether at law or in equity, to enforce any lien upon, right to, or interest in designated real estate, the pendency of such suit, action, attachment or other proceeding shall not operate as constructive notice thereof to any pendente lite purchaser or encumbrancer of such real estate for a valuable consideration and without notice, until such person shall file for recordation with the clerk of the county court of each county where the real estate sought to be affected is situated, a memorandum or notice of the pendency of such suit, action, attachment or other proceeding, stating the title of the cause, the court in which it is pending, the names of all the parties to such proceeding, a description of the real estate to be affected, the nature of the lien, right or interest sought to be enforced against the same, and the name of the person whose estate therein is intended to be affected: Provided, however, that where the lien, right or interest asserted is based upon a judgment, decree, claim, contract or other instrument which has been docketed or recorded according to law in the office of the clerk of the county court of the county wherein the real estate is situated, and has thus become a matter of public record, the failure to file the notice herein mentioned shall not operate to defeat the enforcement of such lien, right or

*Watson, supra* note 1, we again stated our long standing rule that "[w]here the primary purpose of a lawsuit is to recover money damages, and the action does not directly affect the title to or right of possession of real property, the filing of a notice of *lis pendens* is inappropriate." *See also Rardin v. Rardin,* 85 W.Va. 145, 102 S.E. 295 (1919).

In the present case, E.R.A.'s complaint sought, in the alternative, specific performance under the lease and/or money damages. Because performance of the lease would require the construction of a restaurant and a shopping center, E.R.A. sought to protect its interest in the real estate by securing an attachment. Based on its interest in the real estate and its attachment, E.R.A. filed a notice of *lis pendens.* The circuit court then ordered the notice of *lis pendens* to be limited to the restaurant's site and a limited parking area and required Parkland to post a bond to cover any losses.

 Because the notice of *lis pendens* in this case is the type contemplated by *W.Va. Code* 55–11–2 [1923], which specifically allows a notice of *lis pendens* when a person uses an attachment "to enforce any lien upon, right to, or interest in designated real estate," we find no error in the circuit court's order. In Syllabus Point 1, *Watson, supra* note 1, we said: "A notice of *lis pendens* is properly filed pursuant to W.Va.Code § 55–11–2 (1981) only when a person seeks 'to enforce any lien upon, right to, or interest in designated real estate.'" In this court, ironically, Parkland complains about the very relief, except for the bond posting requirement, it sought below.

In Syllabus Point 1, *Hinkle v. Black, supra,* we said that "when a court is not acting in excess of its jurisdiction, ... this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional,

or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance." *See also State v. Lewis,* 188 W.Va. 85, 90–91 n. 8, 422 S.E.2d 807, 812–13 n. 8 (1992); Syllabus Point 12, *Glover v. Narick,* 184 W.Va. 381, 400 S.E.2d 816 (1990). The circuit court's ruling that limits the notice of *lis pendens* and requires the posting of a bond is certainly not a legal error "plainly in contravention of a clear statutory ... mandate" and we find that a writ of prohibition is not justified. Accordingly, the writ of prohibition is denied.

Writ denied.

---

interest in the real estate as against such pendente lite purchaser or encumbrancer.

The clerk of every such county court shall, without delay, record such memorandum or

notice in the "lis pendens record," note upon the record the day and hour when such notice was filed for recordation, and index the same in the names of the parties.