# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Campbell Flannery, PC, et al.,**
**Petitioners Below, Petitioners**

**vs) No. 17-0602** ( Berkeley County 16-C-96)

**Leon H. Wilson, et al.,**
**Defendants Below, Respondents**

**FILED**

**April 6, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Campbell Flannery, PC, the Law Office of Danell J. Palladine, PLLC, and Donna F. Miller, by counsel James P. Campbell, appeal the June 8, 2017, order of the Circuit Court of Berkeley County that denied their motion for summary judgment and granted the respondents' motion for summary judgment. Respondents Leon Hunter Wilson and Stephen Kershner, by counsel Richard G. Gay, filed a response to which petitioners replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Donna Miller ("Petitioner Miller") and Respondent Leon Wilson ("Respondent Wilson") were married in 1990, and Petitioner Miller filed for divorce on June 1, 2005. The parties stipulated to May 31, 2005, as the date of their separation. There were no children born from the marriage. Petitioners Campbell Flannery, P.C., and the Law Office of Danell J. Palladine, PLLC, ("Petitioner Lawyers") represented Petitioner Miller in the divorce litigation, and in a separate, unrelated matter in Delaware. The divorce was contested[1], and on June 29, 2015, the Family Court of Berkeley County entered an order of equitable distribution ("equitable distribution order") granting judgment in favor of Respondent Wilson in the amount of $627,994. On July 13, 2015, Petitioner Miller filed a motion for reconsideration of the equitable distribution order. On July 20, 2015, Respondent Wilson recorded the abstract of the judgment in Jefferson County.

---

[1] There are two prior appeals in this matter, *Wilson v. Wilson*, 227 W. Va. 157, 706 S.E.2d 354 (2010); and *Miller v. Wilson*, No. 16-0587, 2017 WL 2608426, (W.Va. Jun. 16, 2017) (memorandum decision).

1

On August 18, 2015, Petitioners Campbell Flannery and the Law Office of Danell Palladine each obtained judgments against Petitioner Miller, their client, in the amount of $275,048 and $95,332, respectively in the Circuit Court of Jefferson County for unpaid legal fees. The abstracts were recorded on September 21, 2015.

On September 10, 2015, the family court entered an order denying petitioner's July 13, 2015, motion for reconsideration of the equitable distribution order. On September 18, 2015, Petitioner Miller filed a motion for stay with the family court pending the appeal of the equitable distribution order. Respondent Wilson objected to the motion arguing that Petitioner Miller had a contract for the sale of her home, and that if Petitioner Miller obtained the proceeds, he would be unable to collect his judgment.

On September 24, 2015, petitioners filed a second motion to alter or amend the June 29, 2015, order in family court. On November 4, 2015, the family court denied Petitioner Miller's second motion to alter or amend, but granted petitioner's motion for stay "so long as any funds from the sale of Miller's real estate were held in escrow, pending appeal." In that order the circuit court also found, "[t]he Court does not find the Respondent [Wilson] violated the [West Virginia] Rules of Civil Procedure by filing an abstract of judgment." On October 9, 2015, Petitioner Miller filed her notice of appeal of the equitable distribution order in circuit court. According to the circuit court, Petitioner Miller did not request that the court supplement her petition for appeal with an appeal of the family court's order denying her second motion to alter or amend. On May 17, 2016, the circuit court entered an order denying Petitioner Miller's appeal, and affirming the equitable distribution order. Petitioner Miller filed a notice of appeal of that order with this Court on June 13, 2016. This court entered a memorandum decision regarding that order in *Donna Miller fka Donna Wilson v. Leon Hunter Wilson*, No. 16-0587 (memorandum decision).

Petitioner Miller sold her residence on November 10, 2015, and in light of the court's November 4, 2016, order granting a stay in the proceedings, the parties entered into an escrow agreement on that same date. Respondent Stephen Kershner, the escrow agent and settlement agent for the purchasers of Petitioner Miller's property, required that the judgments of Respondent Wilson and Petitioner Lawyers[2] be released in order to deliver good and marketable title to the purchasers. An escrow agreement was entered on November 10, 2015, between Petitioner Miller, and Respondents Wilson and Kershner, where the parties agreed that a first deed of trust in favor of the Bank of Charles Town, and the second deed of trust in favor of Petitioner Lawyers, and another law firm, McCarter & English, be satisfied from the proceeds, and that the remaining proceeds be satisfied from an escrow account. Respondent Wilson also executed a partial release of judgment releasing his judgment lien on the property to be sold, and attached his judgment lien rights to the sums in escrow.

---

[2] In 2014, while serving as counsel in Miller's divorce proceeding, Petitioner Lawyers, along with another law firm, McCarter & English, had obtained a second deed of trust for their unpaid legal fees in the amount of $175,000.

According to Respondent Wilson, unbeknownst to him, Petitioner Lawyers entered into a separate escrow agreement to which he was not privy until he received the underlying complaint in this case. This agreement contained a provision which stated,

> [s]hould a court of competent jurisdiction in the pending equitable distribution action invalidate Leon Hunter Wilson's judgment lien, or should Leon Hunter Wilson's judgment lien be invalidated by virtue of a Final Order of any other court, this Escrow Agreement shall control the disposition of the sums held in escrow by the Escrow Agent.

On February 24, 2016, petitioners filed a complaint requesting that the circuit court declare the rights of the parties to the $259,566.91 in escrow, and issue an injunction prohibiting the enforcement of Respondent Wilson's judgment against the escrow unless their judgments are paid first and in full. In their complaint, petitioners alleged that Respondent Wilson violated the automatic stay of the family court's final order, when he recorded his judgment in Jefferson County on July 20, 2015. Petitioners moved for summary judgment on their claims, and Respondent Wilson filed a cross-motion for summary judgment arguing that the issue of whether Respondent Wilson violated the stay was previously adjudicated in the circuit court's November 4, 2015, order. The circuit court agreed and found that respondents claims were barred by res judicata because (1) there was a final adjudication on the issue by the family court's November 4, 2015 order denying petitioner's second motion for reconsideration and granting petitioner's request for a stay; (2) privy exists between the parties, and (3) petitioner's claims could have been resolved in the prior action before this Court, but were not raised in petitioners' prior appeal, as the only order this Court considered was the May 17, 2016, order.

The circuit court further held that pursuant to West Virginia Code § 38-3-6, Respondent Wilson's judgment was rendered and became a lien against Petitioner Miller's estate on June 29, 2015. The circuit court found further that priorities of liens are established by the common law rule of priorities and that because Respondent Wilson's judgment was rendered on June 29, 2015, and respondents did not obtain and record their judgments until September 21, 2015, that Respondent Wilson's judgment was statutorily entitled priority over petitioners' judgments. The circuit court found further that petitioners colluded in an attempt to deprive respondent Wilson of his judgment by obtaining a second deed of trust securing payment of attorney's fees on August 26, 2014. The circuit court found that Petitioner Lawyers "were fully aware at the time of the possibility, if not the probability, of a judgment resulting therein in Wilson's favor, and that such judgment would be a lien on [Petitioner] Miller's real property." As a result the circuit court denied petitioners' motions for summary judgment and granted summary judgment in favor Respondent Wilson finding that there was no genuine issue of material fact.

On appeal to this Court, petitioners contend that the circuit court erred in finding that petitioners' action was barred by res judicata,[3] and that the circuit court erred in finding that

---

[3] Petitioner also asserts, as error, that the circuit court erred in finding that the recording of the judgment lien during the automatic stay was not a violation of Rule 62(a) of the West (continued . . .)

Respondent Wilson's judgment automatically took priority over the judgment of Petitioner Lawyers.

This Court reviews a circuit court's entry of summary judgment de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). "' A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)" Syl. Pt. 1, *Carr v. Michael Motors, Inc.*, 210 W. Va. 240, 557 S.E.2d 294 (2001).

We first consider petitioners' claim that the circuit court erred in finding that this appeal is barred by res judicata. Petitioners argue that the family court and circuit court did not have jurisdiction over Petitioner Lawyers on the issue of priority of competing judgment liens; that the Law Office of Dannell Palladine was not counsel for respondent in the underlying divorce matter; and that the divorce proceedings did not decide the priority of the judgment liens. We disagree.

In order for res judicata to apply, three factors must be met: (1) there must have been a final adjudication on the merits of the prior action; (2) the actions must involve either the same parties or persons in privity with those same parties; (3) the cause of action identified for resolution in the subsequent proceeding must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented in the prior action. *See* Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr. Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997).

It is clear from our review of the record that in her September 24, 2015, second motion to alter or amend, Petitioner Miller requested that the circuit court find that Respondent Wilson violated the West Virginia Rules of Civil Procedure in filing the abstract of judgment on July 20, 2015, in violation of an automatic stay pursuant to Rule 62(a). Further, in its November 4, 2015, order denying petitioner's second motion for reconsideration and granting petitioner's request for a stay, the family court found that it "does not find that [Respondent] Wilson violated the WV Rules of Civil Procedure in filing an abstract of judgment." Petitioner did not appeal that finding or the November 4, 2015, order to this Court. Consequently we find that there was a final adjudication of this issue on November 4, 2015.

Further, we find that privity exists between Petitioner Lawyers and Petitioner Miller. The record reflects that Petitioner Lawyers were agents of Petitioner Miller in the divorce action, and previously obtained judgments on Petitioner Miller's property in order to recover legal fees. We note that while Petitioner Miller appealed the May 17, 2016, order of the circuit court to this Court, she failed to appeal the November, 4, 2015, order. It was in the November 4, 2015, order, that the circuit court found that the filing of the abstract of judgment was not a violation of the

Virginia Rules of Civil Procedure. Because this claim is barred by the doctrine of res judicata, we decline to consider this assignment of error.

automatic stay. Petitioners could have raised that issue before this Court at the time they appealed the May 17, 2016, order, but did not. As a result, we agree with the circuit court and find that petitioner's claim is barred by the doctrine of res judicata.

Petitioners also assert, as an assignment of error, that the circuit court erred in finding that West Virginia Code § 38-3-6 allowed Respondent Wilson's judgment to take priority over the judgment of Petitioner Lawyers. We disagree. According to West Virginia Code § 38-3-6,

> [e]very judgment for money rendered in this State, other than by confession in vacation, shall be a lien on all the real estate of or to which the defendant in such judgment is or becomes possessed or entitled, at or after the date of such judgment, or if it was rendered in court, at or after the commencement of the term at which it was so rendered, if the cause was in such condition that a judgment might have been rendered on the first day of the term; but if from the nature of the case judgment could not have been rendered at the commencement of the term, such judgment shall be a lien only on or after the date on which such judgment or decree could have been rendered and not from the commencement of the term; but this section shall not prevent the lien of a judgment or decree from relating back to the first day of the term merely because the case shall be set for trial or hearing on a later day of the term, if such case was matured and ready for hearing at the commencement of the term, not merely because an office judgment in a case matured and docketed at the commencement of the term does not become final until a later day of the term. A judgment by confession in vacation shall also be a lien upon such real estate, but only from the time of day at which such judgment is confessed. Such lien shall continue so long as such judgment remains valid and enforceable, and has not been released or otherwise discharged.

Further, this Court has long held that,

> "[u]nder [West Virginia] Code [§] 38-3-6, a judgment rendered during a term of court in a case which was in such condition that a judgment might have been rendered on the first day of the term relates to and is a judgment as of its first day, and, is a lien on all the real estate of or to which the person against whom it is rendered is possessed or entitled as of and after the date of such judgment."

Syl. Pt. 1, *Cooper v. Cooper*, 142 W. Va. 847, 98 S.E.2d 769 (1957). Here, Respondent Wilson obtained a judgment against Petitioner Miller on June 29, 2015. Consequently, pursuant to *Cooper*, and West Virginia Code § 38-3-6, Respondent Wilson's judgment became a lien on Petitioner Miller's property on June 29, 2015.

Regarding the priority of liens,

> the common law rule of priorities is generally one of 'first in time [,] . . . first in right.' In other words, 'liens take precedence in the order of their dates. . . . [T]he principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds.'

5

*State ex rel. McGraw v. Combs Services*, 206 W. Va. 512, 520, 526 S.E.2d 34, 42 (1999) (internal citations omitted). Petitioner Lawyers did not obtain and record their judgments until September 21, 2015. Because Respondent Wilson's judgment was rendered on June 29, 2015, pursuant to West Virginia Code § 38-3-6, and our holding in *McGraw*, Respondent Wilson's judgment is entitled to priority over the judgment of Petitioner Lawyers.[4] Consequently, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 6, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[4] Petitioners also complain that the circuit court found that Petitioner Lawyers colluded with Petitioner Wilson to deprive Respondent Wilson of his judgment. Petitioners complain that this finding was irrelevant to West Virginia's priority scheme and assert that the circuit court mistakenly relied upon *Cooper v. Cooper*, 142 W. Va. 847, 98 S.E. 2d 769 (1957), in its finding. Regarding this assignment of error, we find that petitioners fail to establish a genuine issue of material fact regarding collusion. We have held that summary judgment should be granted, "only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning facts is not desirable to clarify the application of the law." Syl. Pt. 3, in part, *Aetna Cas. & Sur. Co*. As a result, we find no error.